Robert W. Bascom, J.
The motion is for discovery and inspection of plaintiff’s income tax. returns for the years 1961 through 1966. The action arises from an alleged default in the payment of an installment note made and delivered by the corporate defendant, and indorsed by the other defendant, in part payment for a business purchased by the corporate defendant from plaintiff in June, 1965. The answer sets forth the defense of fraud in the factum by way of misrepresentation of volume of sales for the years 1961 through 1964, and misrepresentation of *515 cost of inventory included in the sale. It also seeks reformation of the contract on the ground of mutual mistake of the parties or fraud of the plaintiff.
Extensive examination of the plaintiff before trial has failed to elicit the information relative sales and cost of inventory, which defendants claim is relevant, material and necessary to the defense of the action and establishment of the counterclaim, and the records of which plaintiff has testified have been destroyed. The requisite notice to produce the returns for the years 1961 through 1964 only, has been served but not complied with. There is nothing to indicate that an application was made to vacate or modify that notice.
The motion is opposed on the grounds that the contract of sale makes no representations as to volume of business, and that it sets forth the entire agreement between the parties; that the defendant is estopped from asserting their defenses and counterclaims by having paid a prior installment on the note, thus ratifying its validity; _ that the counterclaim of the corporate defendant does not enure to the benefit of the accommodation indorser, and that to disclose to one would be to disclose to both as the indorser is the principal stockholder of the corporation; that the returns are jointly made with plaintiff’s wife, who is not a party to the action, and are confidential to her; that the defendants have ratified the contract of sale by continuing in possession of the business, by not seeking a rescission and not asserting fraud until this action was commenced, and finally, that all the books and records of the business as conducted by the plaintiff are in defendants’ possession.
In my view, none of these objections are well taken. I take it that the reformation of the contract is sought not because of what the contract says, but upon the alleged representations which induced the corporate defendant to enter into it. There is no showing that the payment of the prior installment was made with knowledge of the alleged fraud or mistake, or that either of them was discovered at any time prior to the default upon which the action is predicated. The fact that the counterclaim- does not enure to the benefit of one defendant, is no reason to preclude the other from receiving that to which it may be entitled. The disposition to be made hereof renders academic the question of the confidentiality of the returns insofar as plaintiff’s wife is concerned. The defendants claim the desired information is either not included in the business records delivered to them at the time of the sale, or, that items of cost therein have been altered from their true figure.
*516 Courts hesitate to require exposure of income tax returns without a showing of good reason, that is, that they would reveal facts material or necessary to the prosecution or defense of the action (Conway v. Hewitt, 7 A D 2d 931; O’Grady v. Burr, 2 A D 2d 712). Here, however, the corporate defendant has sufficiently shown that it cannot properly defend the action or prosecute its counterclaim without the information presumably contained in the tax returns for the years prior to 1965, to induce the court to exercise its discretion and require their production (Elmer v. Byrd, 32 Misc 2d 408, affd. 16 A D 2d 744).
The motion for discovery and inspection of plaintiff’s tax returns is accordingly granted as follows: within 10 days after entry and service of the order hereon, plaintiff is directed to make true copies of Schedule C of his 1961, 1962, 1963 and 1964 Federal income tax returns, and true copies of form IT-202 New York State returns available to defendant, John B. Garrett, Inc., and to permit it to inspect and copy the same, and, in the event such copies are not available for any reason, plaintiff shall execute appropriate authorizations to the United States Internal Revenue Service and the New York State Income Tax Bureau to furnish certified copies to said corporate defendant’s attorneys at the latter’s expense, or, in the alternative, certify to said defendant that as to any given year, of those enumerated, no such return was made.