■ PETER H. BEARD et al., Appellants, v PECONIC FOAM INSULATION CORPORATION et al., Respondents.—In an action to recover damages for injury to property, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (McCarthy, J.), dated March 21, 1986, which dismissed the complaint insofar as asserted against the defendants Peconic Foam Insulation Corp., Homecrafts, Inc. and Luxaire, Inc. pursuant to CPLR 3126, and (2) so much of an order of the same court, dated May 21, 1986, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated March 21, 1986 is dismissed, without costs or disbursements. That order was superseded by the order dated May 21, 1986, made upon reargument; and it is further,

Ordered that the order dated May 21, 1986 is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiffs commenced the instant action in 1978, seek-

ing to recover for damages to their property located in Suffolk County, which were sustained as a result of a fire that occurred on July 27, 1977. The plaintiffs allege that the fire was caused by a faulty furnace and was exacerbated by certain insulation which was installed and maintained in their residence by the defendants. Following joinder of issue, the defendants requested that the plaintiffs produce a set of 36 photographs of the structure taken by Roger McCann, the now deceased brother of the plaintiff Kevin McCann, while the fire was in progress. The defendants maintained that the photographs, which were in the custody of the Suffolk County Police Department Arson Squad in 1978, would prove that the fire did not originate in the basement of the premises where the furnace was located. Over a period of approximately five years, the defendants obtained several orders directing the plaintiffs to produce the photographs in question. To date, the plaintiffs have produced only 2 of the 36 photographs. Contradicting their previous assertions, the plaintiffs presently contend that they do not have any other photographs in their possession or control. The defendants, in support of their motions to dismiss the complaint pursuant to CPLR 3126 for failure to comply with those previous court orders, asserted that since the plaintiffs concededly had access to the entire set of photographs at some point following the fire, the plaintiffs are either deliberately withholding the remaining photographs or have destroyed them.

It is well established that in order to invoke the drastic remedy of striking a pleading pursuant to CPLR 3126 for noncompliance with a court order for disclosure, the court must determine that the parties' failure to comply was the result of willful, deliberate and contumacious conduct or its equivalent (see, Scharlack v Richmond Mem. Hosp., 127 AD2d 580; Horowitz v Camp Cedarhurst & Town & Country Day School, 119 AD2d 548; Battaglia v Hofmeister, 100 AD2d 833). The record before this court amply supports the determination of the Supreme Court that the plaintiffs repeatedly and without reasonable explanation failed to comply with the court-ordered discovery. The evidence demonstrates that the plaintiffs had access to the entire set of photographs in question but inexcusably failed to turn them over to the defendants despite numerous discovery requests and court orders directing their production. In view of the circumstances, we conclude that the Supreme Court did not improvidently exercise its discretion in invoking the sanction of dismissal of the complaint (see, Zletz v Wetanson, 67 NY2d 711).

We have considered the plaintiffs' remaining contentions and find them to be without merit. Thompson, J. P., Lawrence, Kunzeman and Sullivan, JJ., concur.