■ JOSEPHINE VERA et al., Appellants, v BETH ISRAEL MEDICAL CENTER et al., Respondents.—Order, Supreme Court, New York County (Stanley Sklar, J.), entered on or about January 29, 1990, which granted defendants' motion to preclude plaintiffs from producing a non-party witness at trial or using said witness's incomplete deposition transcript at trial without first producing her for completed deposition within fifteen days prior to trial, unanimously modified on the law, the facts and in the exercise of discretion to deny that portion of the motion seeking to preclude the use at trial of the deposition transcript, and otherwise affirmed, without costs.

Plaintiffs assert that the non-party witness, who is the sister of plaintiff Josephine Vera, is not in their control within the meaning of CPLR 3126. Fairness dictates that, having taken such position, plaintiffs not be allowed to maintain the option of simply producing the witness at trial to testify in their behalf if at a future time they should obtain control over her, without first allowing the defendants to complete her pre-trial deposition, which was terminated after one day.

On the other hand, there is no similar presumptive unfair-

ness in permitting them to introduce at trial portions of the deposition already taken, provided that an appropriate foundation is laid for its admission into evidence. (CPLR 3117.) The fact that defendants may have contemplated further deposing the witness does not, on its own, preclude use of the deposition that they themselves had already taken. Thus, a decision precluding admissibility of the deposition is premature at this time, and should await trial subject to the Trial Judge's discretion as to whether prejudice would ensue in the use of any particular portions of the examination sought to be introduced by reason of the examination's incompleteness. Concur—Milonas, J. P., Ellerin, Kupferman and Rubin, JJ.