■ MARIE L. VATEL et al., Respondents, v CITY OF NEW YORK et al., Appellants. [617 NYS2d 61] —In an action to recover damages for medical malpractice, the defendants appeal (1) from an order of the Supreme Court, Kings County (Spodek, J.), dated February 4, 1993, which, *inter alia,* granted the plaintiffs' motion to preclude the defendants from introducing any medical testimony at the time of trial, and (2) as limited by their brief, from so much of an order of the same court dated April 27, 1993, as, upon granting reargument, adhered to the determination in the order dated February 4, 1993.

Ordered that the appeal from the order dated February 4, 1993, is dismissed, as that order was superseded by the order dated April 27, 1993; and it is further,

Ordered that the order dated April 27, 1993, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The defendants' purported motion to "vacate" the order dated February 4, 1993, was in effect one to reargue. We find that the Supreme Court properly adhered to the original determination upon granting reargument.

In order to invoke the drastic remedy of a preclusion order which effectively results in the striking of a pleading; the court must determine that the party's failure to comply with a disclosure order was the result of willful, deliberate, and contumacious conduct or its equivalent (see, CPLR 3126 [2]; *Beard v Peconic Foam Insulation Corp.*, 149 AD2d 555). The willful and contumacious character of the defendants' failure to disclose can be inferred from their almost two-year-long noncompliance with two court orders, coupled with the inadequate excuses for those defaults (see, *Wolfson v Nassau County Med. Ctr.*, 141 AD2d 815; *Glasburgh v Port Auth.*, 193 AD2d 441). Sullivan, J. P., Rosenblatt, Altman, Hart and Friedmann, JJ., concur.