■ SUSAN MAILLARD, Appellant, v GLENN MAILLARD, Respondent. [663 NYS2d 67] —In an action for a divorce and ancil-

lary relief, the plaintiff wife appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated July 15, 1996, which granted the motion of the defendant husband, pursuant to CPLR 3126, to preclude the plaintiff from offering any evidence at trial on the issue of her income or expenses relative to a certain videotape and which awarded the defendant $1,912.50 in counsel fees.

Ordered that the order is affirmed, with costs.

In order to invoke the drastic remedy of preclusion, the court must determine that the offending party's lack of cooperation with disclosure was willful, deliberate, and contumacious (*see*, CPLR 3126 [2]; *Vatel v City of New York*, 208 AD2d 524). Here, the record fully supports the decision of the Supreme Court to invoke that remedy. The plaintiff created and admitted that she had worked on marketing a videotape business. However, the plaintiff claims to have no financial interest whatsoever in that business, and, at her deposition, she refused to answer questions concerning the business. After being instructed by the Referee to answer the questions posed to her, the plaintiff asserted a complete lack of recollection as to anything she or anyone else ever did or said regarding the videotape business. The plaintiff's testimony was patently incredible, and her lack of cooperation was clearly willful, deliberate, and contumacious. Furthermore, having asserted a complete lack of control over other principals and records of the videotape business, the plaintiff should not then be permitted to simply produce these witnesses or records at trial to support her position (*see, Vera v Beth Israel Med. Ctr.*, 175 AD2d 716).

We find no merit to the plaintiff's remaining contentions. Mangano, P. J., Rosenblatt, Pizzuto and Luciano, JJ., concur.