■ DONALD GENNETT, Respondent, v LESLIE M. GENNETT, Also Known as LESLIE J. MAIELLO, Appellant. [664 NYS2d 873] —Spain, J. Appeal from an order of the Supreme Court (Lynch, J.), entered November 27, 1996 in Schenectady County, which granted judgment in favor of plaintiff on the ground that defendant failed to comply with a prior court order.

Plaintiff commenced this action for a divorce in October 1993 based on allegations of cruel and inhuman treatment. By order dated September 30, 1996, Supreme Court, *inter alia*, conditionally granted plaintiff's motion to preclude defendant from opposing the grounds for divorce because defendant had failed to comply with plaintiff's discovery demands, unless defendant produced the requested documents within 30 days. The record indicates that, in response to the order, defendant did provide plaintiff with some documentation, although it is unclear exactly what was provided. By letter to Supreme Court dated November 21, 1996, plaintiff, proceeding *pro se*, claimed that defendant failed to comply with the court's conditional order

and requested a "default judgment". On November 25, 1996 defendant received a copy of plaintiff's letter, and submitted a letter to Supreme Court on November 26, 1996, via facsimile, advising the court that she received no notice of motion in connection with plaintiff's request for a default judgment and, in any event, had complied with the discovery order. Supreme Court issued an order dated November 26, 1996 deeming issues with respect to grounds to be resolved, precluding defendant from offering any opposition to the grounds for divorce. Defendant appeals, contending that she was not given an opportunity to be heard prior to the order being made.

Plaintiff's "application for default judgment" based upon defendant's alleged failure to comply with the conditional order should have been made by notice of motion (*see,* CPLR 3215 [g]; *see also,* Siegel, Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR C3126:10, at 763). Although defendant was entitled to notice of plaintiff's application for a default judgment, her proper remedy was to move before Supreme Court to vacate the judgment rather than to file a direct appeal (*see,* CPLR 5015 [a]; 5511; *see, e.g., Soule v Lozada,* 240 AD2d 897, 898; *Smith v City of New York,* 238 AD2d 574; *cf., Schwenk v St. Peter's Hosp.,* 215 AD2d 906, *lv dismissed* 86 NY2d 838). In view of defendant's failure to make such a motion, we are compelled to dismiss this appeal.

Mikoll, J. P., White, Casey and Yesawich Jr., JJ., concur. Ordered that the appeal is dismissed, without costs.