■ CHAMBERLAIN, D'AMANDA, OPPENHEIMER & GREENFIELD, Appellant, v CLAUDE A. BEAUCHAMP et al., Respondents. [668 NYS2d 811] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: This action was commenced by plaintiff law firm against defendants, its former clients, to recover the $46,126.73 balance of a $52,026.73 legal bill incurred in connection with plaintiff's representation of defendants in three matters primarily involving child custody. Defendants denied liability and counterclaimed for $14,000,000 in compensatory and punitive damages for plaintiff's alleged fraud and legal malpractice in fomenting the custody litigation. Plaintiff challenges those portions of an order that denied its motion to preclude based upon the delay by defendants in particularizing their counterclaims, and that granted defendants' cross motion in part, to the extent of compelling disclosure of partnership

tax returns or income information for the years 1988 through 1991.

The sanction to be imposed as a consequence of a party's delay in serving a bill of particulars is a matter entrusted to the sound discretion of the trial court (*see*, CPLR 3042 [c]; *Sabatello v Frescatore*, 200 AD2d 939, 940). "Absent willful, deliberate and contumacious conduct, the accepted remedy for a party's failure to serve timely a bill of particulars is to grant a preclusion motion conditionally" (*Scott v Lawyers Co-op. Publ. Co.*, 101 AD2d 1026, 1026-1027, and cases cited therein; *see also, Northway Eng'g v Felix Indus.*, 77 NY2d 332, 336). Here, because defendants had served their bill of particulars during the pendency of the motion to preclude, the court properly exercised its discretion in denying the motion.

The court abused its discretion, however, in compelling disclosure of partnership tax returns or other income information. Defendants have failed to make the required showing of necessity (*see, Lauer's Furniture Stores v Pittsford Place Assocs.*, 190 AD2d 1054; *Supama Coal Sales Co. v Jackson*, 186 AD2d 1052; *Niagara Falls Urban Renewal Agency v Friedman*, 55 AD2d 830). The financial information sought has no tendency to demonstrate whether a partner in the law firm made the statement attributed to him, whether plaintiff had a financial motive to commit fraud, or whether plaintiff in fact committed fraud. We modify the order, therefore, by denying defendants' cross motion to compel disclosure of partnership tax returns or other income information for the years 1988 through 1991. (Appeal from Order of Supreme Court, Monroe County, Bender, J.—Discovery.) Present—Denman, P. J., Lawton, Balio and Fallon, JJ.