■ Shannon Kelleher et al., Respondents, v Mt. Kisco Medical Group, P. C., et al., Appellants. [694 NYS2d 770] —In an action to recover damages for medical malpractice, etc., the defendants appeal from (1) a transcript of the Supreme Court, Westchester County (DiBlasi, J.), dated May 28, 1998, (2) an order of the same court, dated June 19, 1998, which, in effect, granted the plaintiffs' oral application to preclude them from submitting certain telephone records into evidence and sua sponte imposed a sanction in the sum of $5,000 upon the attorney for the defendants, and (3), as limited by their brief, from so much of an order of the same court, dated October 23, 1998, as, upon, in effect, granting their motion for reargument and renewal, adhered to the prior determination.

Ordered that the appeal from the transcript dated May 28, 1998, is dismissed, without costs or disbursements, as the transcript is not a paper from which an appeal can be taken (see, Ojeda v Metropolitan Playhouse, 120 AD2d 717; CPLR 2219 [a]; 5512 [a]); and it is further,

Ordered that the appeal from the order dated June 19, 1998, is dismissed, without costs or disbursements, as that order is not appealable as of right, and in any event, was superseded by the order dated October 23, 1998, made upon, in effect, granting renewal and reargument; and it is further,

Ordered that the order dated October 23, 1998, is modified by deleting the provision thereof adhering to the prior determination made in the order dated June 19, 1998, imposing a sanction in the sum of $5,000 against the defendants' attorney and substituting therefor a provision that upon reargument the provision of the order dated June 19, 1998, imposing a sanction is vacated; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for an opportunity to be heard on the issue of the imposition of a sanction upon the defendants' attorney in accordance herewith (*see,* 22 NYCRR 130-1.1 [d]).

The order dated June 19, 1998, did not determine a motion made on notice, and hence is not appealable as of right (*see, Greater N. Y. Mut. Ins. Co. v Lancer Ins. Co.,* 203 AD2d 515; *Delloiaco v City of New York,* 174 AD2d 705).

On the appeal from the order dated October 23, 1998, we find, contrary to the appellants' contention, that the Supreme Court did not improperly preclude them from introducing certain records into evidence. "In order to invoke the drastic remedy of preclusion, the court must determine that the offending party's lack of cooperation with disclosure was willful, deliberate, and contumacious" (*Maillard v Maillard,* 243 AD2d 448, 449; CPLR 3126 [2]; *Vatel v City of New York,* 208 AD2d 524; *see also, Beard v Peconic Foam Insulation Corp.,* 149 AD2d 555). Here, the defendants' repeated failure to comply with discovery directives, and their statement that the requested records had been fully disclosed when, in fact, they possessed additional relevant material which was not provided until almost one year thereafter, constituted conduct sufficient to warrant preclusion (*see, Maillard v Maillard, supra*).

We agree, however, that the court improvidently exercised its discretion in denying a request for an adjournment before holding a hearing on the imposition of a sanction, thus effectively depriving the defendants of "a reasonable opportunity to be heard" in opposition thereto (22 NYCRR 130-1.1 [d]). Accordingly, the sanction was improperly imposed and must be vacated (*see, Flaherty v Stavropoulos,* 199 AD2d 301), and the matter is remitted to the Supreme Court, Westchester County, to provide the defendants and their attorney an opportunity to be heard on the issue of sanctions. S. Miller, J. P., Santucci, Krausman and Florio, JJ., concur.