■ JOANNA LONES, Respondent, v STEVE LAMPEAS et al., Appellants. [705 NYS2d 239] —In an action to recover damages for personal injuries, the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Queens County (LaTorella, J.), dated November 16, 1998, as granted that branch of the plaintiff's motion which was to strike their answer and precluded them from offering any evidence at trial, and (2) from an order of the same court dated May 14, 1999, which denied their motion for reargument.

Ordered that the appeal from the order dated May 14, 1999, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated November 16, 1998, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

While the nature and degree of the penalty to be imposed pursuant to CPLR 3126 is a matter of discretion, the drastic remedy of preclusion, which results in the striking of a pleading, should be invoked only upon a clear showing that the noncomplying party's failure to provide discovery was willful,

deliberate, and contumacious (*see, Kihl v Pfeffer*, 94 NY2d 118; *Maillard v Maillard*, 243 AD2d 448; *Garcia v Kraniotakis*, 232 AD2d 369; *Vatel v City of New York*, 208 AD2d 524). Here, given the conduct of the appellants, the Supreme Court providently exercised its discretion in striking their answer and precluding them from testifying at trial. Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.