■ MIMI SETTEMBRINI, Respondent, v CHARLES L. SETTEMBRINI, Appellant. [704 NYS2d 641] —In an action for a divorce and ancillary relief, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Shapiro, J.), dated April 12, 1999, which denied his motion to stay the trial of the action, (2) an order of the same court, also dated April 12, 1999, which, *inter alia,* granted the plaintiff's motion to strike his answer and to preclude him from participating in the inquest by presenting evidence or cross-examining the plaintiff's witnesses, and (3) a judgment of the same court, entered May 26, 1999, which granted the plaintiff a divorce based upon cruel and inhuman treatment and awarded her the sum of $2,426,082.50 in equitable distribution.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that on the appeal from the judgment the orders are affirmed and the appeal from the judgment is otherwise dismissed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeals from the intermediate orders dated April 12, 1999, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (*see, James v Powell,* 19 NY2d 249; CPLR 5501 [a] [1]).

Although the judgment entered May 26, 1999, was entered upon the plaintiff's default, appellate review of the orders dated April 12, 1999, is not precluded since the defendant may obtain review of matters which were the subject of contest in the Supreme Court (*see, James v Powell, supra*).

The Supreme Court providently exercised its discretion in denying the defendant's application to stay the trial so that the defendant's third counsel, hired on the eve of trial, could familiarize himself with the case (*see, e.g., Matter of Housing Dev. Fund Co.,* 134 AD2d 594; *Wilson v Wilson,* 97 AD2d 897, 898; *Matter of Case,* 24 AD2d 797; CPLR 2201; *see also, People v Africk,* 107 AD2d 700, 702; *cf., Englert v Hart,* 112 AD2d 3). Furthermore, the Supreme Court did not err in striking the defendant's answer or in precluding his counsel from participating at the inquest. For more than a year, the defendant had willfully disobeyed a multitude of court orders. He repeatedly frustrated disclosure, purloined marital assets, falsified financial documents, refused to appear for an examination before trial, and defied requests for medical records to substantiate his claims of ill health. Although the defendant was able to travel to Italy, Portugal, and Canada, he claimed to be too ill to make any court appearances, including an appearance on the date which was scheduled for trial. Accordingly, the Supreme Court properly imposed the maximum penalty on the defendant pursuant to CPLR 3126 (*see, e.g., Zletz v Wetanson,* 67 NY2d 711, 713; *Brady v County of Nassau,* 234 AD2d 408; *Eagle Star Ins. Co. v Behar,* 207 AD2d 326; *see also, Maillard v Maillard,* 243 AD2d 448; *Beard v Peconic Foam Insulation Corp.,* 149 AD2d 555). Moreover, the Supreme Court properly refused to allow the defendant's counsel to cross-examine the plaintiff's witnesses because the defendant did not appear at the inquest, his new counsel was not ready to proceed, a preclusion order had been issued, and counsel did not object to the rulings of the Supreme Court. It would have been palpably unjust under the circumstances to permit cross-examination of the plaintiff's expert on his efforts to ascertain the value of the marital estate (*see, e.g., ICD Group v Israel Foreign Trade Co.,* 221 AD2d 152; *cf., Maharam v*

*Maharam,* 245 AD2d 94; *Goldberg v Goldberg,* 172 AD2d 316, 317; *Contino v Contino,* 140 AD2d 662; Domestic Relations Law § 236 [B] [1] [c]; [5] [d] [11]; *cf., Otto v Otto,* 150 AD2d 57; *Grande v Grande,* 129 AD2d 612).

Finally, the defendant's appeal from the judgment entered upon his·default in appearing for trial must be dismissed (*see,* CPLR 5511). A party against whom a judgment is entered on default must first move to vacate his default (*see,* CPLR 5015 [a]; *see also, Gennett v Gennett,* 245 AD2d 598; *Soule v Lozada,* 240 AD2d 897; *Smith v City of New York,* 238 AD2d 574). Here, the defendant did not move to vacate his default. Bracken, J. P., O'Brien, Sullivan and Luciano, JJ., concur.