■ JUSTIN PATTERSON et al., Respondents, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION (QUEENS HOSPITAL CENTER) et al., Defendants, and AMY LEVINE et al., Appellants. [726 NYS2d 715] —In an action to recover damages for medical malpractice, etc., the defendants Amy Levine, Roth Pitman, s/h/a S. Roth, Long Island Jewish Medical Center, Joseph J. Rovinsky, Dawn Frankwick, Phillip Lipsitz, Katherine King, Louis Mameli, Virgil Graham, David Gold, and Sino George appeal from an order of the Supreme Court, Queens County (Thomas, J.), dated June 19, 2000, which denied their motion, in effect, for leave to renew that branch of the plaintiffs' prior motion which was to strike the answers of the defendants Levine, Mameli, Graham, Gold, and George which, by order of the same court, dated October 1, 1999, had been granted to the extent of precluding those defendants from testifying or offering evidence at trial.

Ordered that the appeals by the defendants Long Island Jewish Medical Center, Roth Pitman, s/h/a S. Roth, Joseph J. Rovinsky, Dawn Frankwick, Phillip Lipsitz, and Katherine King are dismissed, as those defendants are not aggrieved by the order appealed from (see, CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from by the defendants Amy Levine, Louis Mameli, Virgil Graham, David Gold, and Sino George, on the law, the motion of those defendants, in effect, for leave to renew, is granted, and upon renewal, so much of the order dated October 1, 1999, as granted that branch of the plaintiffs' motion which was to strike their answers, to the extent of precluding them from testifying or offering evidence at trial is vacated, and that branch of the plaintiffs' motion which was to strike the answers of those defendants is denied; and it is further,

Ordered that the appellants Levine, Mameli, Graham, Gold, and George are awarded one bill of costs payable by the plaintiff.

The defendants Amy Levine, Louis Mameli, Virgil Graham, David Gold, and Sino George (hereinafter the appellants) contend that the Supreme Court improvidently exercised its discretion in precluding them from testifying or offering evidence at trial. We agree.

The nature and degree of the penalty to be imposed on a motion pursuant to CPLR 3126 is a matter generally left to the

discretion of the Supreme Court (see, *Kingsley v Kantor*, 265 AD2d 529; *Espinal v City of New York*, 264 AD2d 806). However, to invoke the "drastic remedy of preclusion, which effectively results in the striking of a pleading, the court must determine that the party's failure to comply with a disclosure order was the result of willful, deliberate, and contumacious conduct or its equivalent" (*Cianciolo v Trism Specialized Carriers*, 274 AD2d 369, 370; see, *Vancott v Great Atl. & Pac. Tea Co.*, 271 AD2d 438; *Vatel v City of New York*, 208 AD2d 524). In support of their motion, in effect, for leave to renew, the appellants presented evidence that two additional depositions were completed while the plaintiffs' motion to strike their answers was still pending. The appellants also presented evidence that the remaining depositions were completed shortly after the October 1, 1999, order of preclusion was issued, and that the plaintiffs entered into a stipulation in which they agreed not to seek enforcement of the order since all outstanding discovery had been completed. Under these circumstances, and considering the lack of evidence that the appellants' failure to timely appear for depositions was willful or contumacious, the appellants' unopposed motion for leave to renew should have been granted, and upon renewal, that branch of the plaintiffs' motion which was to strike the appellants' answers should have been denied (see, *Cianciolo v Trism Specialized Carriers*, 274 AD2d 369; *Vancott v Great Atl. & Pac. Tea Co.*, 271 AD2d 438). Krausman, J. P., Florio, Feuerstein and Cozier, JJ., concur.