■ MANUEL E. GOMEZ et al., Plaintiffs, and CORDELL BROWN et al., Respondents, v GATEWAY DEMOLITION CORP. et al., Appellants, et al., Defendants. [740 NYS2d 653-] —In an action, inter alia, to recover damages for underpayment of prevailing wages, the defendants Gateway Demolition Corp. and St. Paul Mercury Insurance Company appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated May 12, 2000, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiffs Cordell Brown, Daniel Calliste, Jose Martinez, Rumardo Gomez, Mario Nunez, Ramon Rivera, and Omar Trivinio against them.

■ MANUEL E. GOMEZ et al., Appellants, v GATEWAY DEMOLITION CORP. et al., Respondents, et al., Defendants. [740 NYS2d 652] —In an action, inter alia, to recover damages for underpayment of prevailing wages, the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Queens County (Weiss, J.), dated April 18, 2001, as granted those branches of the motion of the defendants Gateway Demolition Corp. and St. Paul Mercury Insurance Company which were, in effect, pursuant to CPLR 3126 (3) to strike the complaint insofar as asserted against them for refusal to obey an order directing disclosure, and pursuant to CPLR 3216 to dismiss the complaint for want of prosecution, and (2) an order of the same court, dated June 26, 2001, which denied their motion for leave to reargue the prior motion.

Ordered that the appeal from the order dated June 26, 2001, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated April 18, 2001, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The Supreme Court providently exercised its discretion in granting that branch of the motion of the defendants Gateway Demolition Corp. and St. Paul Mercury Insurance Company (hereinafter the defendants), which was, in effect, pursuant to CPLR 3126 (3) to strike the complaint insofar as asserted against them for refusal to obey an order directing disclosure. The defendants' sought discovery concerning, inter alia, information pertaining to the days, hours, and type of activities

performed by the plaintiffs when they worked for the defendant Gateway Demolition Corp. This information went to the heart of the plaintiffs' claim for underpayment of wages. The plaintiffs failed to make a "good-faith effort to address the [defendants'] requests meaningfully" (*Kihl v Pfeffer,* 94 NY2d 118, 123). The Supreme Court had twice ordered the plaintiffs to disclose this information to the defendants. Under the circumstances, the failure to provide this information was "willful, contumacious and deliberate," warranting dismissal under CPLR 3126 (*see Kihl v Pfeffer, supra*; *Lones v Lampeas,* 270 AD2d 317; *Cronin v Perry,* 269 AD2d 351).

Moreover, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3216 to dismiss the complaint for want of prosecution. The plaintiffs, after having been served with a 90-day demand, failed to file a note of issue, move to vacate the demand, or move for an extension (*see Chong Suk Rose v Heil Trailer Intl.,* 284 AD2d 445, 446). The plaintiffs' proffered excuse for their failure was insufficient.

The plaintiffs' remaining contentions are without merit. Prudenti, P.J., Feuerstein, Friedmann and H. Miller, JJ., concur.