■ GABRIELLE PRYZANT et al., Respondents, v CITY OF NEW YORK et al., Appellants. [750 NYS2d 779] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated December 7, 2001, as granted that branch of the plaintiff's motion pursuant to CPLR 3126 which was to preclude the defendants from offering any evidence at trial on the issue of notice of the purported violent propensities of an alleged assailant.

Ordered that the order is affirmed insofar as appealed from, with costs.

To invoke the drastic remedy of preclusion, the Supreme Court must determine that the offending party's lack of cooperation with disclosure was willful, deliberate, and contumacious (see CPLR 3126 [2]; Kelleher v Mt. Kisco Med. Group, 264 AD2d 760; Maillard v Maillard, 243 AD2d 448). In this case, the willful and contumacious character of the defendants' failure to respond to discovery can be inferred from their continuing noncompliance with a court-ordered stipulation to produce relevant records, repeated adjournments of the production date, and inadequate excuses for the failure to produce the records (see Brandes v Pirnie-Baker, 288 AD2d 413, 414; Kelleher v Mt. Kisco Med. Group, supra at 761; Frias v Fortini, 240 AD2d 467). Accordingly, the Supreme Court's determination to preclude the defendants from offering the relevant evidence at trial was proper. Santucci, J.P., Smith, Goldstein, H. Miller and Mastro, JJ., concur.