■ STACI ASSAEL et al., Respondents, v METROPOLITAN TRANSIT AUTHORITY et al., Appellants. [772 NYS2d 364]—

In an action to recover damages for personal injuries, etc., the defendants appeal from so much of an order of the Supreme Court, Nassau County (Burke, J.), entered February 3, 2003, as granted that branch of the plaintiffs' cross motion pursuant to CPLR 3126 which was to preclude them from utilizing the transcript of the testimony of the plaintiff Staci Assael given at a hearing conducted pursuant to Public Authorities Law § 1276 (4) on cross-examination.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, and that branch of the plaintiffs' cross motion pursuant to CPLR 3126 which was to preclude the defendants from utilizing the transcript of the testimony of the plaintiff Staci Assael given at a hearing conducted pursuant to Public Authorities Law § 1276 (4) on cross-examination is denied.

"To invoke the drastic remedy of preclusion, the Supreme Court must determine that the offending party's lack of cooperation with disclosure was willful, deliberate, and contumacious" (*Pryzant v City of New York,* 300 AD2d 383 [2002]; *see Patterson v New York City Health & Hosps. Corp.,* 284 AD2d 516, 517 [2001]; *Cianciolo v Trism Specialized Carriers,* 274 AD2d 369, 370 [2000]; *Kelleher v Mt. Kisco Med. Group,* 264 AD2d 760, 761 [1999]).

Contrary to the plaintiff's contention, the record does not support a finding that the defendants willfully and deliberately failed to produce the transcript of the testimony of the plaintiff Staci Assael given at the hearing conducted on June 25, 2001, pursuant to Public Authorities Law § 1276 (4) prior to her deposition. Rather, the record reveals that the transcript was

inadvertently sent to another attorney whose appearance the stenographer had erroneously recorded at the time of the hearing. Under these circumstances, and considering the lack of evidence that the defendants' conduct was willful or contumacious, the Supreme Court's preclusion of the defendants' use of the transcript on cross examination was unwarranted. Altman, J.P., S. Miller, Adams and Mastro, JJ., concur.