■ NEIL KERMAN, Respondent, v MARTIN FRIEDMAN, C.P.A., P.C., et al., Appellants. [801 NYS2d 387]—

In an action to recover damages for accounting malpractice, the defendants appeal from (1) an order of the Supreme Court, Kings County (Bayne, J.), dated September 7, 2004, which granted the plaintiff's cross motion to strike the defendants' answer or to impose sanctions for the defendants' spoliation of evidence to the extent of precluding the defendants from introducing testimony at trial of meetings or discussions with the plaintiff to establish his awareness of Melvin Feigenbaum's fraud, embezzlement, or defalcation, or a ratification or consent thereto, and (2) an order of the same court dated January 31, 2005, which, in effect, denied that branch of the defendants' motion which was to compel the production of the 1999 tax returns of the plaintiff and an entity known as the Summer Hill Partnership.

Ordered that the order dated September 7, 2004, is reversed, on the law, and the cross motion is denied; and it is further,

Ordered that the order dated January 31, 2005, is reversed insofar as reviewed, on the law and as a matter of discretion, and that branch of the defendants' motion which was to compel the production of the 1999 tax returns of the plaintiff and the Summer Hill Partnership is granted; and it is further,

Ordered that within 30 days after service upon him of a copy of this decision and order the plaintiff shall produce a duly executed authorization for the 1999 tax returns for himself and the Summer Hill Partnership; and it is further,

Ordered that one bill of costs is awarded to the appellants.

A party seeking disclosure of tax returns must make a showing that the information is relevant to the claims asserted and cannot be obtained from other sources (see Chang v SDI Intl., Inc., 15 AD3d 520 [2005]). Contrary to the conclusion reached by the Supreme Court, the defendants made the required showing. Therefore, the Supreme Court improvidently exercised its discretion in denying that branch of the defendant's motion which was to compel the production of the 1999 tax returns for the plaintiff and the entity the plaintiff now owns, the Summer Hill Partnership (hereinafter SHP). The plaintiff contends that the defendants hid the embezzlement, fraud, and other defalcations of the plaintiff's former partner, Melvin Feigenbaum, in their treatment of certain aspects of the plaintiff's and SHP's financial data, in particular, the negative capital balance carried in SHP's tax returns for the years following its final operational return. The defendants demonstrated that the ultimate treatment of the negative capital balance by the plaintiff in the 1999 tax returns is relevant and material to their defense of the plaintiff's claim against them. Moreover, the access to and avail-

ability of the returns sought was adequately shown to be exclusively through the plaintiff, who has put his and SHP's tax information at issue in the unique facts and circumstances of this case (*see Elmer v Byrd*, 32 Misc 2d 408 [1961], *affd* 16 AD2d 744 [1962], cited subsequently in *Katz v Memoli*, 28 AD2d 1128 [1967]; *Krauss v Putterman*, 50 AD2d 599 [1975]; *Samide v Roman Catholic Diocese of Brooklyn*, 5 AD3d 463 [2004]; *Kay v Kay*, 223 AD2d 684 [1996]; *Kyser v John B. Garrett, Inc.*, 57 Misc 2d 514 [1968]; *cf. Chamberlain, D'Amanda, Oppenheimer & Greenfield v Beauchamp*, 247 AD2d 858 [1998]).

The Supreme Court improvidently exercised its discretion in imposing the drastic sanction of preclusion (*see Assael v Metropolitan Tr. Auth.*, 4 AD3d 443 [2004]) based upon the defendants' alleged spoliation of their work papers for 1972 through 1993. In seeking such relief, the plaintiff was required to demonstrate that the defendants "destroy[ed] essential physical evidence" leaving the plaintiff without appropriate means to confront a claim with incisive evidence (*Foncette v LA Express*, 295 AD2d 471, 472 [2002]; *see also DiDomenico v C & S Aeromatik Supplies*, 252 AD2d 41 [1998]; *Marro v St. Vincent's Hosp. & Med. Ctr. of N.Y.*, 294 AD2d 341 [2002]). The plaintiff failed to make the demonstration required. Although the relief sought by the plaintiff was not predicated on CPLR 3126, but rather, on the common-law doctrine of spoliation, we note that the Supreme Court, in any event, did not make any findings that the alleged conduct of the defendants in relation to the work papers sought by the plaintiff was willful, deliberate, or contumacious such as is required to support the imposition of the sanction of preclusion or another sanction (*see Beard v Peconic Foam Insulation Corp.*, 149 AD2d 555 [1989]; *Pryzant v City of New York*, 300 AD2d 383 [2002]; *Kelleher v Mt. Kisco Med. Group*, 264 AD2d 760 [1999]; *Maillard v Maillard*, 243 AD2d 448 [1997]; *Assael v Metropolitan Tr. Auth., supra; Cianciolo v Trism Specialized Carriers*, 274 AD2d 369 [2000]; *Patterson v New York City Health & Hosps. Corp.*, 284 AD2d 516 [2001]).

We note that upon the oral argument of the appeal from the order dated January 31, 2005, the defendants' attorney acknowledged that the only tax returns sought were for 1999. Accordingly, our review of that appeal is limited to the issues concerning those tax returns. Prudenti, P.J., Cozier, Santucci and Lifson, JJ., concur.