■ PEPSICO, INC., et al., Respondents, v WINTERTHUR INTERNATIONAL AMERICA INSURANCE COMPANY, Appellant, et al., Defendant. [806 NYS2d 711]—

In an action, inter alia, to recover damages for breach of contract, the defendant Winterthur International America Insurance Company appeals (1) from an order of the Supreme Court, Westchester County (Rudolph, J.), dated April 19, 2004, which denied its motion for an extension of a discovery deadline, (2) from an order of the same court dated April 20, 2004, which denied its motion for preclusion of certain evidence by the plaintiffs at trial, and (3), as limited by its brief, from so much of an order of the same court entered August 11, 2004, as denied that branch of its motion which was to strike the note of issue or, to compel the plaintiffs to respond to certain discovery demands.

Ordered that the orders dated April 19, 2004 and April 20, 2004 are affirmed; and it is further,

Ordered that the order entered August 11, 2004 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

"To invoke the drastic remedy of preclusion, the Supreme Court must determine the offending party's lack of cooperation with disclosure was willful, deliberate, and contumacious" (*Assael v Metropolitan Tr. Auth.*, 4 AD3d 443 [2004]; *see Pryzant v City of New York*, 300 AD2d 383 [2002] [internal quotation marks omitted]; *Patterson v New York City Health & Hosps. Corp. [Queens Hosp. Ctr.]*, 284 AD2d 516, 517 [2001]). CPLR 3126 provides that a court may issue a preclusion order if "a party . . . refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed." The appellant failed to demonstrate that it was entitled to so drastic a remedy as preclusion. In this litigation, where extensive discovery has taken place between the parties, the respondents have produced over 40,000 documents in response to the defendant's requests set forth in no less than six sets of interrogatories and notices to produce. Approximately 40

depositions have been taken. With regard to the outstanding discovery materials sought, the appellant failed to demonstrate that the information is material and necessary to its defense. Accordingly, the Supreme Court properly denied the appellant's motions. Adams, J.P., Luciano, Mastro and Lunn, JJ., concur.