McMahon v Manners (2018 NY Slip Op 00825)





McMahon v Manners


2018 NY Slip Op 00825


Decided on February 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
L. PRISCILLA HALL
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2016-03704
 (Index No. 297/15)

[*1]Joseph McMahon, appellant, 
v
Timothy Manners, respondent, et al., defendant.


Frederick C. Kelly, Monroe, NY, for appellant.
Burke, Miele & Golden, LLP, Goshen, NY (Kelly M. Naughton of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated March 25, 2016. The order granted the motion of the defendant Timothy Manners pursuant to CPLR 3126, inter alia, to preclude the plaintiff from submitting any evidence that he had been an employee of either of the defendants to the extent of directing the plaintiff to disclose certain information and documents, including all tax documents for the years 2006 through 2013.
ORDERED that the order is modified, on the law, by deleting the provision thereof directing the plaintiff to disclose to the defendant Timothy Manners copies of all tax documents for the years 2006 through 2013, and substituting therefor a provision directing the plaintiff to disclose to the defendant Timothy Manners copies of all tax documents for the years 2006 through 2011; as so modified, the order is affirmed, without costs or disbursements.
In February 2006, the plaintiff entered into a written agreement with the defendants David X. Manners Company, Inc. (hereinafter the Manners Company), and its principal, Timothy Manners, whereby the plaintiff agreed to sell space to writers to market themselves in a magazine known as The Hub in exchange for an annual salary and a commission percentage of any sales from the Manners Company. In 2010, the parties modified the agreement by eliminating the salary; the parties agreed that the plaintiff would continue to receive the commission percentage of his sales for the magazine. The defendants ended their business relationship with the plaintiff in June 2011. Thereafter, the plaintiff commenced an action in June 2012 against the defendants (hereinafter the First Action) alleging breach of contract and seeking double damages and attorney's fees as an independent contractor under Labor Law § 191-c. In May 2015, a jury rendered a verdict in favor of the plaintiff in the First Action finding that the defendants breached the contract with the plaintiff.
The plaintiff commenced this action (hereinafter the Second Action) in January 2015 against the defendants, alleging, inter alia, that the defendants had formerly employed him and that they failed to pay him earned commissions. Manners sought disclosure of, among other things, the plaintiff's tax documents from 2006 through 2013, and documents supporting the plaintiff's allegations in the complaint that he had been employed by the defendants. When the plaintiff refused to turn over any responsive documents, Manners moved pursuant to CPLR 3126, inter alia, to preclude the plaintiff from submitting any evidence that he had been an employee of either of the defendants. The Supreme Court treated Manners' motion as a motion pursuant to CPLR 3124 to compel discovery and granted the motion to the extent of directing the plaintiff to disclose certain [*2]information and documents, including all tax documents for the years 2006 through 2013. The plaintiff appeals.
CPLR 3101(a) provides, in relevant part, that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." "Although the discovery statutes are to be construed liberally' so that there should be disclosure of any material that is even arguably relevant" (Levine v City Med. Assoc., P.C., 108 AD3d 746, 747, quoting Shanahan v Bambino, 271 AD2d 519, 519), " unlimited disclosure is not required, and supervision of disclosure is generally left to the Supreme Court's broad discretion'" (Levine v City Med. Assoc., P.C., 108 AD3d at 747, quoting Mironer v City of New York, 79 AD3d 1106, 1108). The essential test is "usefulness and reason" (Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 746 [internal quotation marks omitted]; see Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406). Here, Manners sustained his burden of demonstrating that the plaintiff should be required to disclose his tax documents relating to the period from 2006 through 2011, when the plaintiff had a business affiliation with Manners (see Levine v City Med. Assoc., P.C., 108 AD3d at 747; Gitlin v Chirinkin, 71 AD3d 728, 729; Kerman v Martin Friedman, C.P.A., P.C., 21 AD3d 997, 999). Accordingly, the Supreme Court providently exercised its discretion in directing the plaintiff to disclose his tax documents from 2006 through 2011. However, the court should not have directed disclosure of tax documents after 2011, as no business relationship existed between the parties at that time (see Levine v City Med. Assoc., P.C., 108 AD3d at 747; Gitlin v Chirinkin, 71 AD3d at 729; Kerman v Martin Friedman, C.P.A., P.C., 21 AD3d at 999).
The plaintiff's remaining contentions are without merit.
CHAMBERS, J.P., HALL, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court