**Vislocky v New York Presbyt. Hosp.**

2024 NY Slip Op 33177(U)

September 10, 2024

Supreme Court, New York County

Docket Number: Index No. 805195/2012

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. JOHN J. KELLEY**                          PART                      56M

*Justice*

---------------------------------------------------------------------------X

MICHAEL J. VISLOCKY,

                                Plaintiff,

                         - v -

NEW YORK PRESBYTERIAN HOSPITAL, COLUMBIA
PRESBYTERIAN CENTER, COLUMBIA UNIVERSITY
MEDICAL CENTER, DAVID J. COHEN, M.D., LLOYD E.
RATNER, M.D., R. JOHN CREW, M.D., ANDREW
BOMBACK, M.D., GERALD P. HOKE, M.D., MANTU
GUPTA, M.D., and JOHN DOE & JANE DOE, the names
"John Doe" and "Jane Doe" being fictitious and intended to
designate a person or persons presently unknown to
Plaintiff,

                          Defendants.

---------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 805195/2012 |
| MOTION DATE | 07/12/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91

were read on this motion to/for                          EXTEND - TIME                          .

In this action to recover damages for medical malpractice, the plaintiff moves pursuant to CPLR 2004 and 22 NYCRR 202.21(d) to extend his time to complete discovery and to serve and file a note of issue. The defendant Lloyd E. Ratner, M.D., opposes the motion, and cross-moves pursuant to CPLR 3124 to compel the plaintiff to comply with prior discovery orders or, in the alternative, pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against him for the plaintiff's failure to comply with those discovery orders. The defendants New York Presbyterian Hospital, Columbia Presbyterian Center, Columbia University Medical Center, David J. Cohen, M.D., R. John Crew, M.D., and Andrew Bomback, M.D. (collectively the NYPH defendants), oppose the motion, and separately cross-move for the same relief as to them, while the defendant Gerald P. Hoke, M.D., opposes the motion and separately cross-moves for the same relief as to him. The plaintiff opposes the cross motions. The motion is granted, the

**805195/2012   VISLOCKY, MICHAEL J vs. NEW YORK PRESBYTERIAN HOSPITAL**
**Motion No.  002**

Page 1 of 5

1 of 5

[* 1]

note of issue filing deadline is extended until March 14, 2025, and all discovery, including all party and nonparty depositions, production of authorizations, exchange of medical records, an independent medical examination (IME), and the exchange of the IME report, shall be completed on or before that date. The plaintiff's failure to produce Diane Vislocky and provide all requested authorizations and documents by that date shall result in the dismissal of the complaint. The failure of NYPH to produce an institutional deposition witness by that date or to produce all requested medical records by that date shall result in the striking of the answer of New York Presbyterian Hospital, Columbia Presbyterian Center, and Columbia University Medical Center, and the failure of the other defendants to produce all requested medical records by that date shall result in the striking of their answers. The defendants' failure to schedule an IME by that date shall constitute a waiver of the examination. The cross motions are denied.

The plaintiff commenced this action on July 26, 2012. In the 12 years since then, the court has issued a preliminary conference order, a compliance conference order, and 16 status conference orders. In the most recent status conference order, dated June 23, 2023, this court directed that:

> "Plaintiff to provide HIPAA authorizations for Mr. Vislocky's current treating physicians, including primary care and nephrology, current collateral source records and Mt. Sinai within 30 days. Defendants to respond to plaintiff's 12/7/22 demand within 30 days. EBT of NPW Diane Vislocky shall be conducted on or before 7/31/23. NYPH EBT shall be conducted on or before 9/29/23. Plaintiff to designate NYPH witness 45 days prior to EBT date. Plaintiff's IME to be conducted no later than 8/15/23. Defendants to designate IME physician by 7/15/23. IME report shall be exchanged within 30 days of exam. Defendants shall provide plaintiff with an invoice for the cost of copying medical records that they have obtained via plaintiff's AZs, including records obtained pursuant to this Order, on or before 7/15/23. Defendants shall provide plaintiff with copies of said records within 20 days of receipt of payment for copying costs. Schedule for service of post-EBT demands and responses thereto shall remain as set forth in this court's previous discovery order . . . Pltf to provide AZs for all collateral source records within 30 days. Pltf to provide lien information within 30 days of receipt. Pltf to provide Dr. Hoke records previously obtained within 45 days. Pltf will provide AZs as per ARFD letter demand dtd 12/5/22 within 30 days."

The order further provided that "NO further discovery conferences and/or extension of NOI shall be given, unless good cause is shown pursuant to a motion. Failure to complete discovery or

805195/2012  VISLOCKY, MICHAEL J vs. NEW YORK PRESBYTERIAN HOSPITAL
Motion No.  002

Page 2 of 5

2 of 5

make the appropriate motion PRIOR to the NOI deadline may be deemed a waiver of that discovery." The court fixed December 29, 2023 as the note of issue filing deadline. The plaintiff timely made the instant motion on December 21, 2023 (*see* CPLR 2211). The court notes that the parties did not comply with most or all of that order.

Although this action has been pending for more than 12 years, much of the delay has been due to the poor health of the plaintiff's attorney, including several surgeries that he underwent in 2023. Counsel's recent medical issues, however, do not explain why the completion of discovery in this action had been delayed over the first 11 years of litigation. Nonetheless, inasmuch as the only discovery remaining consists of the deposition of nonparty witness Diane Vislocky, the deposition of the institutional defendant, the service of post-deposition demands and responses with respect to that defendant's deposition, the provision of additional authorizations and records, the medical examination of the plaintiff, and the exchange of the IME report, the plaintiff has established that the failure to complete discovery was beyond his control (*see* 22 NYCRR 202.21[d]; *Scott v Metropolitan Suburban Bus Auth*., 11 Misc 3d 1079[A], 2006 NY Slip Op 50625[U], *3-4, 2006 NY Misc LEXIS 802, *8-9 [App Term, 1st Dept, Apr 11, 2006]). The court concludes that six months is an appropriate amount of time within which to extend the discovery and note of issue filing deadline, and, as permitted by 22 NYCRR 202.21(d), it conditions the extension of time on the completion of all of the discovery identified herein (*see Agaeva v Filstein*, 2023 NY Slip Op 33132[U], *2, 2023 NY Misc LEXIS 5421, *3 [Sup Ct, N.Y. County, Sep. 7, 2023] [Kelley, J.]). The court cautions each party that sanctions shall be imposed, as set forth above, if, through any fault of that party, the discovery described herein is not or cannot be completed by March 14, 2025.

Inasmuch as the court is directing the plaintiff to provide all discovery that the cross-moving defendants sought to compel him to provide in their respective cross motions, their requests for relief pursuant to CPLR 3124 have been rendered academic, and those branches of the cross motions must be denied on that ground (*see Matter of Smith v Annucci*, 173 AD3d

**805195/2012 VISLOCKY, MICHAEL J vs. NEW YORK PRESBYTERIAN HOSPITAL** Page 3 of 5
Motion No. 002

3 of 5

[* 3]

1685, 1685 [4th Dept 2019]; *Matter of Herald Co. v O'Brien*, 149 AD2d 781, 782 [3d Dept 1989]). To the extent that the cross-moving defendants sought the imposition of sanctions upon the plaintiff pursuant to CPLR 3126, their requests for that relief must be denied, inasmuch as the attorneys for the several cross-movants failed to establish that they satisfied a condition precedent to the submission of the motion, as set forth in 22 NYCRR 202.20-f(b), which requires that they attest to "having conducted an in-person or telephonic conference, setting forth the date and time of such conference, persons participating, and the length of time of the conference." In any event, they have failed to establish that the plaintiff's failure to make disclosure was willful and contumacious (*see Butler v Knights Collision Experts, Inc*., 165 AD3d 406, 407 [1st Dept 2018]; *Lee v 13th St. Entertainment, LLC*, 161 AD3d 631, 632 [1st Dept 2018]; *Tanriverdi v United Skates of Am., Inc*., 164 AD3d 858, 860 [2d Dept 2018]; *Walter B. Melvin, Architects, LLC v 24 Aqueduct Lane Condominium*, 51 AD3d 784, 785 [2d Dept 2008]; *Palmenta v Columbia Univ*., 266 AD2d 90, 91 [1st Dept 1999]; *Chamberlain, D'Amanda, Oppenheimer & Greenfield v Beauchamp*, 247 AD2d 858, 859 [4th Dept 1998]).

Accordingly, it is,

ORDERED that the plaintiff's motion is granted, and the deadline for the service and filing of the note of issue is extended until March 14, 2025; and it is further,

ORDERED that all outstanding discovery, including all outstanding party and nonparty depositions, the production of authorizations, exchange of medical records, provision of lien information, an independent medical examination, and the exchange of the report of the independent medical examination, shall be completed on or before March 14, 2025, and the plaintiff's failure to produce Diane Vislocky and provide all requested authorizations and documents by that date shall result in the dismissal of the complaint, the failure of the defendants New York Presbyterian Hospital, Columbia Presbyterian Center, and Columbia University Medical Center to produce an institutional deposition witness by that date or to produce all requested medical records by that date shall result in the striking of their answer, the

805195/2012   VISLOCKY, MICHAEL J vs. NEW YORK PRESBYTERIAN HOSPITAL        Page 4 of 5
Motion No.  002

4 of 5

failure of the all other remaining defendants to produce all requested medical records by that date shall result in the striking of their answers, and the failure of the remaining defendants to schedule an independent medical examination by that date shall constitute a waiver of the examination; and it is further,

ORDERED that the cross motion of the defendant Lloyd E. Ratner, M.D., is denied; and it is further,

ORDERED that the cross motion of the defendants New York Presbyterian Hospital, Columbia Presbyterian Center, Columbia University Medical Center, David J. Cohen, M.D., R. John Crew, M.D., and Andrew Bomback, M.D., is denied; and it is further,

ORDERED that the cross motion of the defendant Gerald P. Hoke, M.D., is denied.

This constitutes the Decision and Order of the court.

| 9/10/2024 | | |
|---|---|---|
| **DATE** | | **JOHN J. KELLEY, J.S.C.** |

| | | | | |
|---|---|---|---|---|
| **MOTION:** | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | | |
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |
| **CROSS MOTION 1:** | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |
| **CROSS MOTION 2:** | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |
| **CROSS MOTION 3:** | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

**805195/2012   VISLOCKY, MICHAEL J vs. NEW YORK PRESBYTERIAN HOSPITAL**
**Motion No.  002**

Page 5 of 5