Amirov v Turtle Bay Tavern Corp.

2026 NY Slip Op 03055

May 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Mikael Amirov et al., Plaintiffs-Respondents,

v

Turtle Bay Tavern Corp. et al, Defendants-Appellants.

Decided and Entered: May 14, 2026

Index No. 23467/19|Appeal No. 6642|Case No. 2025-04813|

Before: Manzanet-Daniels, J.P., Kennedy, Friedman, Gesmer, Rosado, JJ.

Ondrovic & Platek, PLLC, White Plains (John Notoris of counsel), for appellants.

Leav & Steinberg, L.L.P., New York (Philip Schultze of counsel), for respondents.

[*1]

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered May 30, 2025, which granted plaintiffs' motion to strike defendants' answer pursuant to CPLR 3126, unanimously reversed, on the law, without costs, the motion denied and defendants' answer reinstated.

The motion court improvidently exercised its discretion in striking defendants' answer for failing to produce a witness with knowledge of the facts concerning an alleged assault at defendants' premises and defendant's internal policies and procedures related to security and the service of alcohol to intoxicated patrons. Since the business closed in 2018, the individuals with knowledge of the foregoing issues were no longer employed by defendant or within its control (see Lee v 13th St. Entertainment LLC, 161 AD3d 631, 632 [1st Dept 2018]).

Moreover, five months before the parties appeared for a preliminary conference on October 16, 2019, defendants disclosed the names and addresses of 17 former employees, nine of whom worked on the night of the alleged assault: seven security guards, one manager, and one bartender. Plaintiff could have subpoenaed those employees as nonparty witnesses (see id.).

Plaintiff's position that defendants concealed the identity of a former manager of the business who assisted them in preparing responses to plaintiffs' interrogatories is unavailing. Plaintiff's interrogatories did not seek any other information. It was not until over four years later that plaintiff further inquired about this individual in a letter to opposing counsel and defendant's counsel promptly responded disclosing her last known address. Based on the foregoing, the record does not establish that defendants' conduct was willful, contumacious or in bad faith (see e.g. Lee, 161 AD3d at 632; Catarine v Beth Israel Med. Ctr., 290 AD2d 213, 215 [1st Dept 2002]).

However, on this record, defendant will not "maintain the option of simply producing [additional witnesses] at trial to testify [on] their behalf if at a future time they should obtain control over [them]" without, at a minimum, first "allowing [plaintiff] to complete [a] pre-trial deposition" of those witnesses (see e.g. Vera v Beth Israel Medical Center, 175 AD2d 716 [1st Dept 1991]). The production of additional witnesses will also be subject to any preclusionary orders the trial court deems necessaryat that time (Center Sheet Metal v Cannon Design, Inc., 185 AD3d 507, 507-508 [1st Dept 2020]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 14, 2026