■ JOSEPH RUSSO, Appellant, v JOHN ROBERT TOLCHIN et al., Respondents. [826 NYS2d 158]—

In an action, inter alia, to recover damages for nuisance and trespass, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Dillon, J.), entered March 31, 2005, as granted that branch of

the motion of the defendants John Robert Tolchin and Gail Tolchin and the oral application of the defendants Marc Tolchin and Bianchi & Tolchin which were for summary judgment on their counterclaims to the extent of ordering an inquest on damages, (2) from an order of the same court entered May 23, 2005, which (a), in effect, denied that branch of his motion which was to vacate so much of an order of the same court dated March 9, 2005, as granted the defendants' motion pursuant to CPLR 3126 to preclude him from introducing evidence in support of his claims or defenses and to dismiss the complaint, and (b) denied that branch of his motion which was to vacate so much of the order entered March 31, 2005, as granted that branch of the motion of the defendants John Robert Tolchin and Gail Tolchin and the oral application of the defendants Marc Tolchin and Bianchi & Tolchin which were for summary judgment on their counterclaims to the extent of directing an inquest on damages, (3) from an amended judgment of the same court (Coppola, J.H.O.) dated December 6, 2005, which is in favor of the defendants John Robert Tolchin and Gail Tolchin on their counterclaims in the principal sum of $30,877, and dismissed the complaint insofar as asserted against those defendants, and (4) from a judgment of the same court dated December 19, 2005, which is in favor of the defendants Marc Tolchin and Bianchi & Tolchin on their counterclaim in the principal sum of $2,500, and dismissed the complaint insofar as asserted against those defendants.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the amended judgment and the judgment are reversed, on the law, that branch of the motion of the defendants John Robert Tolchin and Gail Tolchin and the oral application of the defendants Marc Tolchin and Bianchi & Tolchin which were for summary judgment on their counterclaims are denied, that branch of the plaintiff's motion which was to vacate so much of the order dated March 9, 2005, as granted the defendants' motion pursuant to CPLR 3126 to preclude him from introducing evidence in support of his claims or defenses and to dismiss the complaint is granted, those portions of the order dated March 9, 2005, are vacated, the complaint is reinstated, and the orders dated March 31, 2005, and May 23, 2005, are modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeals from the orders entered March 31, 2005, and May 23, 2005, must be dismissed because the right of direct appeal therefrom terminated with the entry of the amended judg-

ment and the judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the amended judgment and the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff and the defendants John Robert Tolchin and Gail Tolchin (hereinafter the neighbors) are adjacent property owners. This action arose over a dispute between the plaintiff and his neighbors regarding the alleged improper drainage of water from the neighbors' property, which is located uphill from the plaintiff's property, onto the plaintiff's property. The plaintiff allegedly took certain retaliatory actions including cutting down trees and shrubbery belonging to his neighbors that were located along the adjoining property line.

The plaintiff commenced this action against his neighbors, their son Marc Tolchin, and Marc's former law firm Bianchi & Tolchin (hereinafter collectively the neighbors' son), inter alia, to recover damages for nuisance and trespass. The defendants asserted counterclaims, inter alia, to recover damages for trespass, intentional infliction of emotional distress, and prima facie tort.

During the pendency of this action, the court scheduled a compliance conference for February 9, 2005. The plaintiff's former counsel faxed a letter to the court indicating that the conference had been adjourned on the consent of the parties. The plaintiff and his former counsel did not appear at the conference. The defendants appeared and denied having consented to an adjournment. At that conference, the court, inter alia, ordered that depositions of all parties were to take place on March 2, 2005, and indicated that a failure to comply would result in a preclusion order. In the interim, the plaintiff discharged his attorney, immediately sought to retain substitute counsel, and contacted the neighbors' counsel to advise that he was unrepresented and wished to attend the deposition with his brother. The neighbors' counsel sought guidance from the court in responding to the plaintiff's request and was advised that the court would not permit an adjournment. The plaintiff did not appear for his deposition on March 2, 2005.

On March 7, 2005, the neighbors moved, inter alia, pursuant to CPLR 3126, to dismiss the complaint for failure to comply with discovery and for summary judgment on their counterclaims. On March 9, 2005, the plaintiff appeared with his new counsel for a court conference, at which time the neighbors' son made an oral application joining in the neighbors' motion, inter alia, pursuant to CPLR 3126, and the court issued an order

from the bench precluding the plaintiff from introducing any evidence in support of his claims or defenses (hereinafter the preclusion order). The court also indicated that the plaintiff was not permitted to oppose the neighbors' motion, inter alia, for summary judgment on their counterclaims. Further, the court dismissed the complaint.

Subsequently, in a separate order entered March 31, 2005, the court granted that branch of the neighbors' motion and an oral application of the neighbors' son which were for summary judgment on their counterclaims to the extent of directing an inquest on damages and denied that branch of the neighbors' motion which was pursuant to CPLR 3126 to dismiss the complaint as academic. In an order entered May 23, 2005, the court denied those branches of the plaintiff's motion which were to vacate the order dated March 9, 2005, and so much of the order entered March 31, 2005, as granted the neighbors' motion and the son's oral application for summary judgment on their counterclaims to the extent of directing an inquest on damages. On September 9, 2005, the court conducted an inquest on damages. The neighbors testified as to their mental distress and submitted evidence of various expenses they incurred allegedly as a result of the plaintiff's actions. The court entered an amended judgment dated December 6, 2005, awarding damages to the neighbors in the principal sum of $30,877, and a separate judgment dated December 19, 2005, awarding damages to the neighbors' son in the principal sum of $2,500.

"[W]hen a party fails to comply with a court order and frustrates the disclosure scheme set forth in the CPLR, it is well within the Trial Judge's discretion[, inter alia,] to dismiss the complaint" (*Kihl v Pfeffer,* 94 NY2d 118, 122 [1999]; *see Woolard v Suffolk County Water Auth.,* 16 AD3d 582 [2005]; *Abouzeid v Cadogan,* 291 AD2d 423 [2002]). However, the drastic remedy of striking a pleading pursuant to CPLR 3126 for failure to comply with court-ordered disclosure should be granted only where the conduct of the resisting party is shown to be willful and contumacious (*see Royal Caterers, LLC v Marine Midland,* 8 AD3d 549, 550 [2004]; *Gomez v Gateway Demolition Corp.,* 293 AD2d 649 [2002]; *cf. Jenkins v City of New York,* 13 AD3d 342, 343 [2004]; *Assael v Metropolitan Tr. Auth.,* 4 AD3d 443, 443-444 [2004]). Willful and contumacious conduct can be inferred from repeated noncompliance with court orders, inter alia, directing depositions, coupled with either no excuses or inadequate excuses (*see Russell v B&B Indus.,* 309 AD2d 914 [2003]), or a failure to comply with court-ordered discovery over an extended period of time (*see Vanalst v City of New York,* 302 AD2d 515 [2003]).

The plaintiff's failure to appear for a court-ordered deposition on March 2, 2005, was not willful and contumacious (see *Jenkins v City of New York, supra*). Moreover, the plaintiff demonstrated a reasonable excuse for his failure to appear. Approximately two weeks before the scheduled deposition, the plaintiff discharged his retained counsel who had one week earlier failed to appear at a court conference, allegedly under the false impression that the parties had consented to an adjournment. Substitute counsel was not retained until the date that the deposition was scheduled to take place. The record reveals that the plaintiff, immediately upon discharging his former counsel, undertook diligent efforts to retain substitute counsel. In addition, prior to retaining new counsel, the plaintiff's efforts to communicate directly with his adversary's counsel in an unsuccessful attempt to receive permission to appear at the deposition with a family member (a nonattorney) evidenced an intent, albeit a misguided one, to comply with the court's order. Moreover, the immediate steps taken by substitute counsel to vacate the preclusion order, and the plaintiff's appearance with his new counsel at the next court conference just one week after the missed deposition, evidenced good faith efforts to rectify any discovery failures (see *Jenkins v City of New York, supra* at 343). Thus, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was to vacate so much of the order dated March 9, 2005, as granted the defendants' motion pursuant to CPLR 3126 to preclude him from introducing evidence in support of his claims or defenses and to dismiss the complaint.

In light of our determination that the preclusion order should have been vacated, that branch of the neighbors' motion and the oral application of the neighbors' son which were for summary judgment on their counterclaims should have been denied. In their motion papers, the neighbors failed to proffer any competent evidence to demonstrate their prima facie entitlement to summary judgment on their counterclaims, but rather, the only ground asserted by the neighbors for an award of summary judgment on the counterclaims was the underlying preclusion order. Thus, there is no basis for this Court to remit the matter for a determination of that branch of their motion on the merits (cf. *Hughes v Cai*, 31 AD3d 385 [2006]).

In light of the foregoing, the parties' remaining contentions have been rendered academic. Adams, J.P., Skelos, Fisher and Covello, JJ., concur.