█ VASILLIOS PRAPPAS et al., Appellants, v GERALD PAPADATOS et al., Respondents, et al., Defendant. [833 NYS2d 156]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Kurtz, J.), dated April 3, 2006, which granted that branch of the motion of the defendants Gerald Papadatos and Cabrini Medical Center which was for leave to reargue that branch of the plaintiffs' prior motion which was to strike their answers pursuant to CPLR 3126 (3), which had been granted by order of the same court (Silverman, J.) dated October 17, 2005, and upon reargument, in effect, vacated the order dated October 17, 2005, and denied that branch of the plaintiffs' motion.

Ordered that the order dated April 3, 2006 is affirmed, with costs.

On August 9, 2005 the plaintiffs moved, inter alia, to strike the answer of the defendant Cabrini Medical Center (hereinafter Cabrini) for failure to produce a witness for deposition, and for failure to comply with an order dated May 16, 2005, directing it to provide the written rules and regulations regarding implant surgery and to provide information about the manufacturer of the implant inserted into the plaintiff Vasillios Prappas (hereinafter Vasillios). The plaintiffs also moved to strike the

answer of the defendant Gerald Papadatos for failure to comply with the order dated May 16, 2005 directing him to provide the plaintiffs with the documents requested at his examination before trial, the written rules and regulations regarding implant surgery, and information about the manufacturer of the implant. These defendants (hereinafter the respondents) argued that there was no evidence that their conduct was willful or contumacious, and thus the sanctions were not warranted. By order dated September 14, 2005, the Supreme Court adjourned the plaintiffs' motion to October 17, 2005, directed Cabrini to produce a witness for deposition, and directed the respondents to comply with outstanding discovery demands on or before October 7, 2005. Cabrini stated that it would produce a witness for deposition and Papadatos stated that he was unable to locate the records demanded by the plaintiffs. By order dated October 17, 2005, the Supreme Court granted that branch of the plaintiffs' motion which was to strike the respondents' answers. On November 17, 2005 the respondents moved for leave to renew and reargue that branch of the plaintiffs' motion which was to strike their answers. By order dated April 3, 2006, the Supreme Court, upon reargument, in effect, denied that branch of the plaintiffs' motion which was to strike the respondents' answers stating that the plaintiffs failed to demonstrate willful noncompliance with the court's prior orders. We agree.

"[The] drastic remedy of striking a pleading pursuant to CPLR 3126 for failure to comply with court-ordered disclosure should be granted only where the conduct of the resisting party is shown to be willful and contumacious" (*Russo v Tolchin*, 35 AD3d 431, 434 [2006]; *see Jenkins v City of New York*, 13 AD3d 342 [2004]; *Royal Caterers, LLC v Marine Midland*, 8 AD3d 549, 550 [2004]; *Assael v Metropolitan Tr. Auth.*, 4 AD3d 443, 444 [2004]). "Willful and contumacious conduct can be inferred from repeated noncompliance with court orders, inter alia, directing depositions, coupled with either no excuses or inadequate excuses (*see Russell v B&B Indus.*, 309 AD2d 914 [2003]), or a failure to comply with court-ordered discovery over an extended period of time (*see Vanalst v City of New York*, 302 AD2d 515 [2003])" (*Russo v Tolchin, supra* at 434).

Here, the respondents substantially complied with the discovery orders by making a good faith effort to find the items requested by the plaintiffs, even though they could not locate all of them, by participating actively in discovery, including Papadatos' appearance at a multi-day deposition, and by providing the name and last known address of Cabrini's designated witness, and then identifying another hospital employee who

would be produced for deposition. Under the circumstances of this case, there was no clear showing that the defendants' failure to produce a witness for deposition and comply with other discovery was willful and contumacious.

Thus, the Supreme Court properly, upon reargument, denied that branch of the plaintiffs' motion which was to strike the respondents' answers. Rivera, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.