■ SUSIE GOLDSTEIN, Plaintiff, v KINGSBROOK JEWISH MEDICAL CENTER et al., Respondents, et al., Defendants. BONNIE FRADELLA, Nonparty Appellant. [834 NYS2d 327]—

In an action to recover damages for medical malpractice and lack of informed consent, the appeal, as limited by the brief of the nonparty Bonnie Fradella, is from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated January 30, 2006, as denied those branches of her motion which were to amend the caption to substitute her as the administratrix of the estate of the deceased plaintiff, in place of the plaintiff, and to restore this action to active status on the court calendar, and granted the cross motion of the defendant Kingsbrook Jewish Medical Center, and the separate cross motion of the defendants Michael Ostad and Abraham Ostad, which were pursuant to CPLR 3126 (3) to dismiss the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, those

branches of the motion which were to amend the caption to substitute the administratrix, Bonnie Fradella, in place of the deceased plaintiff, and to restore the action to active status on the court calendar are granted, and the cross motions are denied.

The Supreme Court improvidently exercised its discretion in denying that branch of Bonnie Fradella's motion which was to amend the caption to substitute her as the administratrix of the plaintiff's estate in the place of the deceased plaintiff and to restore the action to active status on the court calendar, and in granting the defendants' cross motions pursuant to CPLR 3126 (3) dismissing the complaint.

"[The] drastic remedy of striking a pleading pursuant to CPLR 3126 for failure to comply with court-ordered disclosure should be granted only where the conduct of the resisting party is shown to be willful and contumacious" (*Russo v Tolchin,* 35 AD3d 431, 434 [2006]; *see Jenkins v City of New York,* 13 AD3d 342, 343 [2004]; *Royal Caterers, LLC v Marine Midland,* 8 AD3d 549, 550 [2004]; *Assael v Metropolitan Tr. Auth.,* 4 AD3d 443, 443-444 [2004]). "Willful and contumacious conduct can be inferred from repeated noncompliance with court orders, inter alia , directing depositions, coupled with either no excuses or inadequate excuses (*see Russell v B&B Indus.,* 309 AD2d 914 [2003]), or a failure to comply with court-ordered discovery over an extended period of time (*see Vanalst v City of New York,* 302 AD2d 515 [2003])" (*Russo v Tolchin, supra* at 434).

Here, the plaintiff, who had provided 46 authorizations, raised numerous objections to many of the items of disclosure that were demanded including, inter alia, lack of knowledge of many of the individuals for whom the authorizations were requested and that some authorizations were requested for providers who afforded treatment for conditions which were unrelated to the present action. Under the circumstances of this case, there was no clear showing that the failure to produce the demanded authorizations and other discovery was willful and contumacious. Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.