**34** Luz PACHECO, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. (And a Third-Party Action.) [849 NYS2d 904]—In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Kurtz, J.), dated May 11, 2006, which granted her motion to strike the defendant's answer only to the extent of directing the defendant to provide certain disclosure, and (2) an order of the same court (Kramer, J.) dated January 5, 2007, which granted her motion, in effect, for leave to take an unlimited deposition of the defendant's employee only to the extent of modifying the time and subject matter parameters of the questions that could be asked at the deposition, which parameters had been set in a prior order of the same court (Kramer, J.) dated August 16, 2006.

Ordered that on the Court's own motion, the notice of appeal from the order dated January 5, 2007, is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the orders are affirmed, with one bill of costs.

Contrary to the plaintiff's contentions, the Supreme Court did not improvidently exercise its discretion in refusing to strike the defendant's answer as a sanction under CPLR 3126 (*see Byrne v City of New York,* 301 AD2d 489, 490 [2003]; *Cianciolo v Trism Specialized Carriers,* 274 AD2d 369, 370 [2000]; *Vancott v Great Atl. & Pac. Tea Co.,* 271 AD2d 438 [2000]). The plaintiff failed to make a clear showing that the failure to comply with discovery demands was willful and contumacious (*see Goldstein v Kingsbrook Jewish Med. Ctr.,* 39 AD3d 816, 817 [2007]).

Contrary to the plaintiff's contention, the order dated January 5, 2007 struck a reasonable and sensible balance between the need for full disclosure and the prevention of abuse. "The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court (*see Matter of U. S. Pioneer Elecs. Corp. [Nikko Elec. Corp.],* 47 NY2d 914, 916 [1979]), and, absent an improvident exercise of that discretion, its determination will not be disturbed" (*Mattocks v White Motor Corp.,* 258 AD2d 628, 629 [1999]). Rivera, J.P., Florio, Carni and Balkin, JJ., concur.