■ CHRISTOPHER CONSTANTINO et al., Respondents, v DOCK's CLAM BAR AND PASTA HOUSE et al., Defendants, and TOTTENVILLE COMMONS et al., Appellants. (And a Third-Party Action.) [873 NYS2d 497]—In an action to recover damages for personal injuries, etc., the defendants Tottenville Commons and John Noce appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Gigante, J.), dated December 11, 2007, as denied that branch of their motion which was to compel the plaintiff Christopher Constantino to provide authorization for the release of his high school records.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court has broad discretion in the supervision of discovery, and its determinations should not be disturbed on appeal unless improvidently made (*see Matter of U. S. Pioneer Elecs. Corp. [Nikko Elec. Corp. of Am.]*, 47 NY2d 914, 916 [1979]; *Pacheco v New York City Hous. Auth.*, 48 AD3d 534 [2008]; *Gillen v Utica First Ins. Co.*, 41 AD3d 647 [2007]; *Mattocks v White Motor Corp.*, 258 AD2d 628 [1999]). The Supreme Court providently exercised its discretion in concluding, inter alia, that the additional discovery sought by the appellants was neither material nor necessary (*see* CPLR 3101 [a]; *Youngquist v Youngquist*, 44 AD3d 1034, 1035 [2007]; *Auerbach v Klein*, 30 AD3d 451, 452 [2006]). Skelos, J.P., Santucci, Angiolillo, Dickerson and Chambers, JJ., concur.