■ PEDRO ARIMONT, JR., Respondent, v NAOKI IWAKAWA, Appellant. [874 NYS2d 392]—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Donovan, J.), dated April 15, 2008, which, in effect, denied that branch of his motion which was to strike the plaintiff's complaint for failure to comply with discovery demands and denied that branch of his motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion by, in effect, denying that branch of his motion which was to strike the plaintiff's complaint for failure to comply with discovery demands, as a sanction under CPLR 3126 (see Pacheco v New York City Hous. Auth., 48 AD3d 534 [2008]). The defendant failed to make a clear showing that the failure to comply with discovery demands was willful and contumacious (see Goldstein v Kingsbrook Jewish Med. Ctr., 39 AD3d 816 [2007]).

In addition, the defendant failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) in the subject motor vehicle accident of March 8, 2005 (see Tchjevskaia v Chase, 15 AD3d 389 [2005]). In light of the foregoing, that branch of the defendant's motion which was for summary judgment dismissing the complaint was properly denied, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Prudenti, P.J., Ritter, Santucci and Chambers, JJ., concur.