■ THOMAS M. TURNER, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 53751.) — Appeal from an order of the Court of Claims which denied claimant's motion for permission to file an amended claim to include a cause of action for damage to reputation, and for an order requiring the respondent to produce certain records of the Suffolk County District Attorney's Office. Appellant's motion was properly denied and the order appealed from should, therefore, be affirmed. The late filing requirements of subdivision 5 of section 10 of the Court of Claims Act, which have been strictly construed (*Bommarito* v. *State of New York*, 35 A D 2d 458; *Crane* v. *State of New York*, 29 A D 2d 1001), require that the claimant show that a reasonable excuse exists for failure to file the claim timely; that the State had actual knowledge of the facts which form the basis of the claim prior to the expiration of time for filing; and that the proposed claim be filed, including certain information required by section 11. Furthermore, it must appear that the State has not been prejudiced by the late filing of the claim. The requirements of subdivision 5 of section 10 are conjunctive and, therefore, failure to satisfy any one of them is fatal (*Bommarito* v. *State of New York*, supra; *Crane* v. *State of New York*, supra). In the instant case not only has the appellant failed to provide any real excuse for his failure to file, much less a reasonable one, but he has failed to show that the State had actual knowledge of the facts constituting the claim prior to the expiration of the period for filing the claim. It cannot be assumed that the State had actual knowledge of the facts merely because it owned and maintained the facility (*Crane* v. *State of New York*, supra). The fact that the State may have suffered no prejudice is immaterial where the other requirements of subdivision 5 of section 10 are not met (*Bommarito* v. *State of New York*, supra; *Crane* v. *State of New York*, supra). As to the records sought, the office of the District Attorney is not under the control of the State and its records are not in State custody. Therefore, claimant's motion was properly denied (CPLR 3120).

Order affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Reynolds, JJ., concur.