■ RUTH W. SUSSMAN, as Administratrix of the Estate of EDWARD J. SUSSMAN, Deceased, Respondent, v STATE OF NEW YORK et al., Appellants. (Claim No. 59391.)—Appeal from an order of the Court of Claims, entered on July 7, 1975, which granted claimant's motion for permission to file a late claim pursuant to subdivision 5 of section 10 of the Court of Claims Act. Claimant, on August 2, 1973, was appointed administratrix of the estate of Edward Sussman who died July 14, 1973 while a patient at Creedmore State Hospital. Claimant alleges that decedent died as a result of being left unattended and without water on a locked sun porch of the hospital even though the hospital was aware of decedent's poor health. No action was commenced against the State until the instant motion was filed on May 19, 1975. The conjunctive requirements of subdivision 5 of section 10 of the Court of Claims Act necessitate, before relief may be granted, that claimant file a proposed claim including certain information required by section 11 and that claimant sufficiently demonstrate a reasonable excuse for failure to timely file the claim; that the State had actual knowledge of the essential facts which form the basis of the claim prior to the expiration of the statutory time for filing; and that the State has not been prejudiced by the late filing (De Marco v State of New York 43 AD2d 786, affd 37 NY2d 735; Turner v State of New York, 40 AD2d 923). In support of the motion claimant submitted two affidavits, her own and her attorney's. In the former she alleges that the true circumstances of decedent's death were kept confidential and that she was not notified of them until April of 1975. She also alleges that nurses, doctors and employees of the State knew of the circumstances surrounding the death of decedent. The attorney's affidavit alleges that he learned of the facts just prior to making the motion. On oral argument before the Court of Claims, claimant's reliance on the death certificate which allegedly attributed death to natural causes was urged as justification for the failure to timely file. It was also stated at oral argument that a nurse at the hospital wrote a letter dated September 13, 1973 to the president of the Board of Visitors of Creedmore State Hospital, complaining about the medical care and treatment of patients and that the letter fell into the hands of claimant in April of 1975. An examination of the record fails to reveal the death certificate. In view of claimant's contention, this crucial document is necessary to justify claimant's failure to timely file. We cannot speculate as to its contents. In addition, the letter referred to in the order appealed from and relied upon by claimant to demonstrate knowledge on the part of the hospital of the facts surrounding the death is not in the record. Furthermore, there is nothing in the record to identify the author of the letter or to establish that she was, in fact, a nurse. Consequently, claimant's proof is reduced to the two affidavits which merely contain conclusions not supported by facts. Claimant, therefore, in our view, has not

sufficiently demonstrated a compliance with subdivision 5 of section 10 of the Court of Claims Act and the order must be reversed. Order reversed, on the law and the facts, without costs. Greenblott, J. P., Sweeney, Mahoney, Larkin and Reynolds, JJ., concur.