■ ROBERT BELSKY, Individually and as a Shareholder of QUANTACHROME CORPORATION AND POWDER TECHNOLOGY INSTRUMENT SALES, INC., on Behalf of Himself and All Shareholders of Such Corporations, Appellant, v SEYMOUR LOWELL et al., Respondents.—In an action, *inter alia,* for an accounting, plaintiff appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated October 19, 1984, which denied his motion to vacate an earlier order of dismissal, and to restore the action to the Trial Calendar.

Order reversed, without costs or disbursements, and motion granted, on condition that within 30 days after service upon him of a copy of the order to be made hereon, with notice of entry, plaintiff's attorney personally pays the sum of $2,000 to defendant Lowell and $500 to counsel for the corporate defendants. In the event the condition is not complied with, order affirmed, with costs payable to respondent Lowell, and motion denied.

Robert Belsky, a 50% shareholder, director, and treasurer of Quantachrome Corporation, commenced this action against Seymour Lowell, a 50% shareholder, director, and president of Quantachrome Corporation, in July 1982, to compel an accounting and return of allegedly diverted corporate moneys. Defendant Lowell filed a note of issue and certificate of readiness on December 16, 1983. When the matter appeared

on the Trial Calendar for May 22, 1984, plaintiff's trial counsel sent a representative to submit an affirmation of actual engagement and to request an adjournment to after August 13, 1984. The case was adjourned to June 5, then passed to June 8. When trial counsel again failed to appear himself, again sending a representative with an affirmation of actual engagement and a request to adjourn the case to July 16, the court dismissed the action.

Upon plaintiff's subsequent motion to vacate the dismissal and restore the action to the Trial Calendar, in an interim order dated October 10, 1984, Special Term specifically found that "plaintiff's attorney has not explained to the Court's satisfaction that he was actually engaged on the dates in question". However, the court stated that the equities between the parties could be balanced "by compensating the defendants for their expenses occasioned by plaintiff's failure to timely proceed to trial * * * [and] allowing the plaintiff to have his day in court on the merits". The court directed the parties to appear on October 18, 1984, to fix a date certain for trial and to determine the costs and expenses sustained by the defendants. On that date, counsel for plaintiff again failed to appear before the court; instead, an associate appeared in his behalf. The associate, pursuant to the court's order of October 10, 1984, presented dates when counsel for plaintiff could proceed to trial, one apparently only three weeks away. Finding plaintiff's trial counsel's schedule "limited", Special Term denied the motion to vacate.

We find that counsel for plaintiff made a good-faith attempt to comply with Special Term's interim order of October 10, 1984 and that denial of the motion to vacate and restore the action to the Trial Calendar was improper.

"Before the drastic penalty of dismissal for failure to prosecute is imposed upon a plaintiff, a balanced consideration of all relevant factors is required" (Carron v De Granpre, 55 AD2d 712, 713). To be considered are the merit or lack of merit of the action, extent of the delay, prejudice or lack of prejudice to the defendants and intent or lack of intent to deliberately default or abandon the action, as well as the strong public policy favoring disposition on the merits (see, Moran v Rynar, 39 AD2d 718, 719). Here, as Special Term apparently found, the foregoing factors militated against denial of plaintiff's motion, except for dissatisfaction with the availability of plaintiff's trial counsel. We find that counsel's actions did not amount to willful abandonment of the action, and evidenced a good-faith attempt to comply with the court's

interim order. Furthermore, the prejudice accruing to defendants was financial only. As we have previously held, under such circumstances, it is proper to save the action for the client while imposing upon the attorney, personally, a penalty for his neglect. Accordingly, we reverse, and grant the motion upon the condition heretofore stated. Mangano, J. P., Gibbons, Thompson and Kunzeman, JJ., concur.