■ VERNE McCLUSKEY et al., Appellants, v PIERCE FERRITER, Respondent, et al., Defendant. [738 NYS2d 844] —Order, Supreme Court, New York County (Stephen Crane, J.), entered January 10, 2001, which denied plaintiffs' motion to vacate the dismissal of the complaint, unanimously reversed, on the law, the facts and in the exercise of discretion, the motion granted and the complaint reinstated on condition that plaintiffs' counsel pay all costs, expenses and attorney's fees suffered by defendant by virtue of the adjournments caused by counsel's unreadiness, to be determined after a hearing, said payment to

be made within 30 days after such determination, in addition to costs and disbursements on this appeal. Appeal from order, same court and Justice, entered October 5, 2000, which dismissed the complaint on default, unanimously dismissed, without costs, as academic.

In light of the meritorious cause of action demonstrated by plaintiffs' expert's affidavit of merit and the excuse for the default demonstrated by counsel's showing of engagement in another court, and especially in light of our policy favoring the resolution of disputes on the merits, we deem it appropriate to permit plaintiffs to pursue their claim of medical malpractice (CPLR 5015 [a] [1]; *Abate v Long*, 261 AD2d 252), on condition that plaintiffs' counsel compensate defendant for costs, expenses and counsel fees incurred by reason of plaintiffs' adjournments, including costs and disbursements on this appeal. Concur—Nardelli, J.P., Tom, Sullivan, Ellerin and Rubin, JJ. [*See* 186 Misc 2d 849.]