OPINION OF THE COURT
Alan C. Marin, J.
This is the motion of Alice Conroy for permission to file a late claim pursuant to section 10 (6) of the Court of Claims *72 Act, which motion is opposed by defendant. On August 16, 1999, Ms. Conroy underwent a cesarean section at the University Hospital Health Sciences Center at Stony Brook. She asserts that although she delivered a healthy baby, after the birth she herself “went into respiratory distress and congestive heart failure * * * was neurologically unresponsive, and suffered neurologic injury.” (See affirmation of Peter D. Kolbrener, Aug. 17, 2001, 4.) In her claim, Conroy asserts that these injuries were caused by the failure of Stony Brook personnel to monitor and treat a progressive rise in blood pressure.
In determining whether to grant this motion, six factors enumerated in the Court of Claims Act must be considered: whether (1) defendant had notice of the essential facts constituting the claim; (2) defendant had an opportunity to investigate the circumstances underlying the claim; (3) the defendant was substantially prejudiced; (4) the claimant has any other available remedy; (5) the delay was excusable; and (6) the claim appears to be meritorious. The factors are not necessarily exhaustive, nor is the presence or absence of any particular factor controlling.[1]
The first, second and third factors — whether the defendant had notice of the essential facts, whether the defendant had an opportunity to investigate and whether the defendant would be prejudiced by the granting of this motion are intertwined and may be considered together. (See Brewer v State of New York, 176 Misc 2d 337, 342 [Ct Cl 1998].) In this case, claimant asserts that the State “knew about the occurrence at the time and had access to the full medical records * * * .” The issue here is thus whether medical records, without more, are sufficient to satisfy these three factors of the Court of Claims Act. If so, this would mean that in any medical malpractice case these factors would invariably be satisfied. (See O’Shea v State of New York, Ct Cl, Nov. 5, 1999, Marin, J., motion No. M-59853, affd 278 AD2d 237 [2d Dept 2000].) I find that on these three factors claimant falls short of compliance, although the substantial prejudice factor may be a closer call.
As to an alternate remedy, defendant asserts that Conroy may file suit in Supreme Court against the “private attending physicians” who rendered treatment to her, referring to L. Krupp, M.D. Claimant responds that she is not complaining of *73 Dr. Krupp’s treatment, characterizing Dr. Krupp as a neurological consultant “called in after all of the damage had been done” by other Stony Brook “doctors, nurses, attendants and other care-givers.” (See affirmation of Peter D. Kolbrener, Mar. 1, 2002, ¶ 7.) At this point, claimant is unaware of any other physicians against whom an action would lie only in Supreme Court.
As to excuse, claimant asserts that her medical condition prevented her from timely filing a claim. In support thereof, she has submitted the affirmation of John P. Iafrate, M.D., claimant’s treating psychiatrist, who asserts that it is his opinion that claimant “was unable to file a claim due to her poor physical and psychological status. More specifically, she had poor recall of events, inability to read or write properly, and was unable to drive. It is also my opinion, that these impairments prevented her from functioning normally, and at times, caused her difficulty functioning even minimally. This was all noticeable from a period of several months after her hospitalization, when I began to treat her, and was the cause of her inability to file a timely claim.” (See affirmation of John P. Iafrate, M.D., Mar. 5, 2002, ¶ 7.) I find that claimant satisfies the excuse factor of the Court of Claims Act. (See Goldstein v State of New York, 75 AD2d 613 [2d Dept 1980].)
The final factor to be considered is the appearance of merit. Claimant has submitted two affidavits from Bruce L. Hal-bridge, M.D., who states that it is his “opinion with reasonable medical certainty that the physicians, nurses, technicians and other hospital care-givers and personnel [at Stony Brook] departed from good and accepted medical practice in the care of’ claimant. (See affidavit of Bruce L. Halbridge, M.D., Feb. 27, 2002, ¶ 3.) He describes the departures as “failing to recognize the development and progression of serious postpartum pregnancy induced hypertension * * * .” (Id. ¶ 4.) Dr. Halbridge then provides a listing of claimant’s blood pressure on each day between August 16 through August 21, 1999, showing its rise from 118/62 to 126/65, 137/77, 147/90, 150/90 and 200/103, respectively. (Id.) He states that during this time “there was ample opportunity and time to recognize and then control the elevating blood pressure with the use of intravenous and oral anti-hypertensive medication.” (Id. ¶ 6.)
In sum, claimant meets the standard set forth in Matter of Santana v New York State Thruway Auth. (92 Misc 2d 1, 11 [Ct Cl 1977]) for the appearance of merit: (i) the claim “must not be patently groundless, frivolous or legally defective,” and *74 (ii) upon consideration of the entire record, including the proposed claim and any exhibits or affidavits, “there is reasonable cause to believe that a valid cause of action exists.”
It should be noted that defendant asserts that the proposed claim fails to comply with section 11 (b) of the Court of Claims Act; according to defendant, the claim does not contain sufficient particularization of the State’s conduct. Under Heisler v State of New York (78 AD2d 767 [4th Dept 1980]), the test is whether a claim is specific enough so as not to mislead, deceive, or prejudice the rights of the defendant. While the proposed claim is less detailed than claimant’s motion papers, I do find that it complies with section 11 (b).
For the foregoing reasons, having reviewed the parties’ submissions,[2] it is ordered that motion No. M-63987 be granted. Within 60 days of the filing of this decision and order, claimant shall file and serve her claim and otherwise comply with sections 11 and 11-a of the Court of Claims Act.

. See Bay Terrace Coop. Section IV v New York State Employees’ Retirement Sys. Policemen’s & Firemen’s Retirement Sys., 55 NY2d 979 (1982); Scarver v State of New York, 233 AD2d 858 (4th Dept 1996).

. The following were reviewed: claimant’s notice of motion with affirmation in support, the affidavit of Alice Conroy, physician’s affidavit with medical records, and proposed claim; defendant’s affirmation in opposition; and claimant’s reply affirmation with exhibits A-E.