■ STEVEN SANDS, Appellant, v STATE OF NEW YORK et al., Respondents. [853 NYS2d 555]—

Leave to file a late claim cannot be granted with respect to the intentional tort claims as they all accrued more than one year before claimant moved for such leave (CPLR 215 [3]; Court of Claims Act § 10 [6]; *see Roberts v City Univ. of N.Y.*, 41 AD3d 825 [2007]). The claim for negligent hiring and supervision against the State of New York lacks merit because it is uncontroverted in the record that defendant Vladimir Mejia, the security guard who allegedly assaulted claimant and caused his malicious prosecution, was an employee not of the State but of City College, part of defendant City University of New York, whose dismissal for failure to timely serve a claim or notice of intention to file a claim is not challenged by claimant on appeal.

To be meritorious, a claim must not be patently groundless, frivolous or legally defective, and the record as a whole must give reasonable cause to believe that a valid cause of action exists (*Matter of Santana v New York State Thruway Auth.*, 92 Misc 2d 1, 11 [Ct Cl 1977]). Thus, the motion court did not abuse its discretion in denying claimant's motion to file a late notice of claim pursuant to Court of Claims Act § 10 (6). Concur—Gonzalez, J.P., Buckley, Moskowitz and Acosta, JJ.