WALDEMAR RAKOWICZ, Appellant, v FASHION INSTITUTE OF TECHNOLOGY, Respondent. (And a Third-Party Action.) [882 NYS2d 909]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Schulman, J.), dated April 24, 2008, as, upon an order of the same court dated February 8, 2008, directing the dismissal of the action pursuant to 22 NYCRR 125.1 (g), is in favor of the defendant and against him dismissing the complaint.

Ordered that the judgment is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, the order dated February 8, 2008, is vacated, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for trial on condition that the plaintiff's trial counsel pay to the defendant the sum of $4,000; in the event that the plaintiff's trial counsel does not pay the sum of $4,000 to the defendant on or before 30 days after the service of a copy of this decision and order by the defendant upon the plaintiff, the judgment is affirmed insofar as appealed from, with costs.

Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in dismissing the action based on the inability of the plaintiff's trial counsel to proceed.

The plaintiff's designated trial counsel was engaged in the trial of another matter on February 5, 2008, which was the first time this action appeared on the calendar for trial. The court then granted the plaintiff a three-day adjournment to February 8, 2008. However, the plaintiff's trial counsel was still engaged in the other trial on that date, and an attorney appearing on his behalf presented the court with an affirmation of engagement. Although the February 5, 2008, trial date was selected more than two months in advance, giving the court the discretion to impose a sanction based upon the failure of trial counsel to either try the case as scheduled or obtain substitute counsel (*see* 22 NYCRR 125.1 [g]), there is no evidence that the plaintiff's trial counsel engaged in a pattern of delay or wilful neglect. Furthermore, the three-day adjournment granted by the court did not give the plaintiff's trial counsel a sufficient opportunity to complete the other matter he was engaged in, or procure substitute counsel ready to immediately try this action. Balancing the relevant factors, including the potentially meritorious nature of the plaintiff's action, the lack of intent to deliberately default or abandon the action, and the strong public policy favoring disposition on the merits, the court should not have dismissed the action for failure to proceed (*see McCluskey v Ferriter*, 292 AD2d 244, 245 [2002]; *Rosario v Elishis*, 270 AD2d 404, 405 [2000]; *Belsky v Lowell*, 117 AD2d 575, 576 [1986]). Instead, the Supreme Court should have imposed a sanction in the sum of $4,000 upon the plaintiff's trial counsel, payable to the defendant. Miller, J.P., Angiolillo, Eng and Austin, JJ., concur.