■ BARBARA LERNER, Appellant, v STATE OF NEW YORK, Respondent. [897 NYS2d 100]—

Order of the Court of Claims of the State of New York (Alan C. Marin, J.), entered January 7, 2008, which denied claimant's motion for leave to file a late claim, unanimously affirmed, without costs.

Leave to file a late claim cannot be granted with respect to the false imprisonment claim, as it accrued more than one year before claimant moved for such leave (*see* CPLR 215 [3]; Court of Claims Act § 10 [6]; *Sands v State of New York*, 49 AD3d 444 [2008]). Claimant alleged that she was imprisoned during the summer of 2004 and the subject motion was not brought until 2007.

Regarding the claims that arguably are not time-barred, the record demonstrates that the court considered the relevant factors (Court of Claims Act § 10 [6]), and exercised its discretion in a provident manner in denying the motion. Claimant's excuses for the delay in filing her claim, i.e., illness and inability to secure counsel, are insufficient (*see e.g. Matter of Magee v State of New York*, 54 AD3d 1117, 1118 [2008]; *Musto v State of New York*, 156 AD2d 962 [1989]), and even if, arguendo, the State was not prejudiced by claimant's delay, that factor is not determinative (*see e.g. La Bar Truck Rental v State of New York*, 52 AD2d 1007 [1976]; *Turner v State of New York*, 40 AD2d 923 [1972]). The State did not have notice of the essential facts constituting the claim, even though it "owned and maintained the facility" where claimant was allegedly imprisoned (*Turner*, 40 AD2d at 923), and the fact that claimant's medical records may be at a state facility does not mean that the State had an opportunity to investigate the circumstances underlying her claim (*see Conroy v State of New York*, 192 Misc 2d 71, 72 [2002]). Furthermore, the record as a whole does not "give reasonable cause to believe that a valid cause of action exists" (*Sands*, 49 AD3d at 444), and claimant has other available remedies, namely, she may sue the alleged mastermind of the conspiracy against her, who is not employed by the State, in Supreme Court, where she may also be able to commence an action against individual state employees (*see Morell v Balasubramanian*, 70 NY2d 297 [1987]). Concur—Gonzalez, P.J., Tom, Friedman, McGuire and Abdus-Salaam, JJ.