■ In the Matter of ABRAHAM KLEIN, Respondent, v CHRISTINE PERSAUD et al., Appellants. [921 NYS2d 900]—

In a proceeding to confirm an arbitration award dated March 31, 2009, which, inter alia, awarded the petitioner the sum of $2,172,607.58, Christine Persaud and Caring Home Care Agency appeal from an order of the Supreme Court, Kings County (Schack, J.), dated May 4, 2009, which denied their motion to vacate an order of the same court dated April 17, 2009, granting the petition, upon their failure to appear at the calendar call on April 17, 2009.

Ordered that the order is reversed, on the facts and in the

exercise of discretion, with costs, the motion is granted, and the order dated April 17, 2009, is vacated, and the matter is remitted to the Supreme Court, Kings County, for a new determination on the issue of whether the arbitration award should be confirmed.

To establish a basis to vacate the order entered upon their failure to appear at a calendar call, the appellants were required to demonstrate both a reasonable excuse for the default and a potentially meritorious defense (*see* CPLR 5015 [a] [1]; *Moore v Day*, 55 AD3d 803, 804 [2008]). Under the circumstances of this case, since the appellants' attorney was in fact actually engaged in another matter at the time he failed to appear at the calendar call, and this was his first request for an adjournment in this matter (*cf. Foster v Gherardi*, 201 AD2d 701 [1994]), there was a reasonable excuse for the default (*see Fromartz v Bodner*, 266 AD2d 122 [1999]; *Salemo v Geller*, 260 AD2d 153 [1999]). Although the affirmation of actual engagement submitted on the calendar date was defective (*see* 22 NYCRR 125.1 [e] [1]), the appellants' attorney promptly moved to vacate the default within days of the calendar date, forestalling any prejudice (*see Perez v Travco Ins. Co.*, 44 AD3d 738 [2007]).

Although the Supreme Court did not address the issue of whether the appellants raised a potentially meritorious defense, we nevertheless may reach that issue (*see Davidson v Straight Line Contrs., Inc.*, 75 AD3d 1143, 1144 [2010]; *Mutual Mar. Off., Inc. v Joy Constr. Corp.*, 39 AD3d 417, 419 [2007]). On their motion to vacate the order, the appellants established the existence of a potentially meritorious defense (*see Hageman v Home Depot U.S.A., Inc.*, 25 AD3d 760, 761 [2006]), inter alia, by submitting affidavits from the appellant Christine Persaud and her former attorney that she never entered into an agreement to arbitrate disputes (*see Matter of Commerce & Indus. Ins. Co. v Nester*, 90 NY2d 255, 262-263 [1997]; *Matter of Matarasso [Continental Cas. Co.]*, 56 NY2d 264, 267-268 [1982]; CPLR 7503 [c]).

Accordingly, we reverse the order and remit the matter to the Supreme Court, Kings County, for a new determination on the issue of whether the arbitration award should be confirmed. Mastro, J.P., Balkin, Leventhal and Belen, JJ., concur.