■ DIANE PIPER-RADER et al., Appellants, v ARIF MUSLIM et al., Respondents. [952 NYS2d 79]—

In this medical malpractice action, on September 29, 2011, five days before the scheduled trial date of October 4, 2011, the plaintiffs faxed a letter and an affirmation of engagement to the defendants and the Supreme Court requesting a two-to-three week adjournment of the trial. The defendants opposed, and

made an application, in effect, pursuant to CPLR 3126 to preclude the plaintiffs from introducing certain medical evidence at trial on the ground that the plaintiffs failed to comply with their request to provide updated authorizations compliant with the Health Insurance Portability and Accountability Act of 1996 (hereinafter HIPAA). The defendants also made an application, in effect, pursuant to 22 NYCRR 202.27 to dismiss the complaint upon the plaintiffs' default in proceeding with trial. The Supreme Court denied the plaintiffs' request for an adjournment. In an order dated October 19, 2011 (hereinafter the dismissal order), the Supreme Court, in effect, granted the defendants' applications. The plaintiffs then moved to vacate the dismissal order, in effect, to deny the defendants' applications, and to restore the action to the trial calendar. The Supreme Court denied the motion, the plaintiffs appeal, and we reverse.

To vacate the dismissal order and restore the action to the trial calendar, the plaintiffs were required to demonstrate both a reasonable excuse for their default in proceeding with trial and a potentially meritorious cause of action (*see* CPLR 5015 [a] [1]; *Frey v Chiou*, 94 AD3d 810, 811 [2012]). Under the circumstances of this case, where the plaintiffs' trial attorney was actually engaged in another matter on the scheduled trial date, and this was his first request for an adjournment in this matter, the plaintiffs demonstrated a reasonable excuse for the default (*see Matter of Klein v Persaud*, 84 AD3d 959, 960 [2011]; *Fromartz v Bodner*, 266 AD2d 122 [1999]; *Salemo v Geller*, 260 AD2d 153 [1999]), notwithstanding the technical defect in counsel's affirmation of engagement. Furthermore, the affidavit of merit provided by the plaintiffs' medical expert was sufficient to establish the existence of a potentially meritorious cause of action (*see Tyberg v Neustein*, 21 AD3d 896 [2005]). Therefore, the Supreme Court should have denied the defendants' application, in effect, pursuant to 22 NYCRR 202.27 to dismiss the complaint.

Moreover, although the Supreme Court, in effect, granted the defendants' application, in effect, pursuant to CPLR 3126 to preclude the plaintiffs from offering certain medical evidence at trial because the plaintiffs allegedly failed to comply with the defendants' request to provide updated HIPAA-compliant authorizations, the defendants did not establish that the plaintiffs' alleged failure to comply with the request was willful and contumacious (*see Zakhidov v Boulevard Tenants Corp.*, 96 AD3d 737, 738-739 [2012]; *Moog v City of New York*, 30 AD3d 490, 490-491 [2006]; *Assael v Metropolitan Tr. Auth.*, 4 AD3d

443 [2004]; *Kelleher v Mt. Kisco Med. Group*, 264 AD2d 760, 761 [1999]). Furthermore, the defendants' attorney admitted that he received the updated authorizations from the plaintiffs' attorney 10 days after serving his request and prior to the scheduled trial date (*see LOP Dev., LLC v ZHL Group, Inc.*, 78 AD3d 1020, 1021 [2010]; *Myung Sum Suh v Jung Ja Kim*, 51 AD3d 883 [2008]; *Manko v Lenox Hill Hosp.*, 44 AD3d 1014 [2007]). Therefore, the Supreme Court should have denied that application. Skelos, J.P., Dickerson, Hall and Roman, JJ., concur.