Quercia v Silver Lake Nursing Home, Inc. (2019 NY Slip Op 07803)





Quercia v Silver Lake Nursing Home, Inc.


2019 NY Slip Op 07803


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2017-09767
2017-09768
 (Index No. 100130/05)

[*1]Maryann Quercia, appellant, 
v
Silver Lake Nursing Home, Inc., respondent.


Law Offices of Dennis J. Kelly, P.C. (Arnold E. DiJoseph, P.C., New York, NY, of counsel), for appellant.
Rubin Paterniti Gonzalez Kaufman LLP, New York, NY (Courtney A. Bihn of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for negligence and violation of Public Health Law § 2801-d, the plaintiff appeals from two orders of the Supreme Court, Richmond County (Judith N. McMahon, J.), both dated June 23, 2017. The first order granted the defendant's oral application to dismiss the complaint based upon the plaintiff's failure, among other things, to proceed with jury selection. The second order, insofar as appealed from, denied those branches of the plaintiff's motion which were pursuant to CPLR 5015(a)(1) to vacate the first order and to restore the action to the trial calendar.
ORDERED that the appeal from the first order is dismissed, without costs or disbursements, as no appeal lies as of right from an order that does not decide a motion made on notice (see CPLR 5701[a][2]), and we decline to grant leave to appeal, as the appeal from that order has been rendered academic in light of our determination of the appeal from the second order; and it is further,
ORDERED that the second order is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, those branches of the plaintiff's motion which were pursuant to CPLR 5015(a)(1) to vacate the first order and to restore the action to the trial calendar are granted, and the Chief Clerk of the Supreme Court, Richmond County, is directed to set this matter for trial commencing on a date within 60 days of the date of the service of a copy of this decision and order with notice of entry upon him or her.
In January 2005, this action was commenced, inter alia, to recover damages for negligence and violation of Public Health Law § 2801-d, alleging that the plaintiff's decedent sustained certain injuries while in the care of the defendant nursing home. On September 26, 2016, the date scheduled for jury selection, the plaintiff's then-attorney, Steven Bandel, failed to appear due to his engagement with a parole revocation hearing in a criminal proceeding, and the Supreme Court adjourned the matter to September 28, 2016. On September 28, 2016, Bandel again failed to appear for jury selection, and a per diem attorney retained by Bandel advised the court that Bandel was unable to appear on that date due to his engagement with four parole revocation hearings in [*2]criminal proceedings. The court granted the defendant's oral application to dismiss the complaint based upon the plaintiff's failure to proceed with jury selection and the plaintiff's failure to disclose expert witness information pursuant to CPLR 3101(d). The transcript of the proceeding on September 28, 2016, was so-ordered by the court on June 23, 2017.
In February 2017, the plaintiff moved, among other things, pursuant to CPLR 5015(a)(1) to vacate the order granting the defendant's application to dismiss the complaint, and to restore the action to the trial calendar. At a proceeding on March 6, 2017, the Supreme Court denied the plaintiff's motion. The transcript of that proceeding was so-ordered by the court on June 23, 2017. The plaintiff appeals.
In moving pursuant to CPLR 5015(a)(1) to vacate a default in appearing for a scheduled trial date, a plaintiff must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action (see Crevecoeur v Mattam, 172 AD3d 813; Cox v Marshall, 161 AD3d 1140, 1141). "The determination of whether an excuse is reasonable lies within the sound discretion of the Supreme Court" (Option One Mtge. Corp. v Rose, 164 AD3d 1251, 1252). However, in making that discretionary determination, the court should consider relevant factors, such as the extent of the delay, prejudice or lack of prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits (see Crevecoeur v Mattam, 172 AD3d at 814; Moore v Day, 55 AD3d 803, 804).
Under the circumstances of this case, the plaintiff demonstrated a reasonable excuse for the default based upon Bandel's engagement in other matters on September 26 and 28, 2016 (see Piper-Rader v Muslim, 99 AD3d 686, 687; Matter of Klein v Persaud, 84 AD3d 959, 960; McCluskey v Ferriter, 292 AD2d 244). In a supporting affirmation, accompanied by affirmations of engagement, Bandel averred that he had made a mistake regarding the date scheduled for jury selection and not discovered his error until September 23, 2016, during settlement discussions. Bandel further averred that he had parole revocation hearings already scheduled for September 26 and 28, 2016, that he was the only practicing attorney in his law firm, and that he retained a per diem attorney to appear on his behalf in this action. Since there is no evidence that Bandel's inability to appear on September 26 and 28, 2016, was willful (see Matter of Muhammadu v Barcia, 100 AD3d 904, 905; Ito v Ito, 73 AD3d 983, 983-984; Liotti v Peace, 15 AD3d 452, 453), his engagement on those dates with criminal proceedings constituted a reasonable excuse for the default. Additionally, the physician's affirmation submitted by the plaintiff was sufficient to establish the existence of a potentially meritorious cause of action (see Piper-Rader v Muslim, 99 AD3d at 687).
We acknowledge that the Supreme Court has the responsibility to assure that the cases before it are handled expeditiously. We also recognize that the court had appropriate reasons for being concerned regarding further delay in this case, which is in its second decade. However, the court indicated that it would have granted an adjournment had it been on consent, just as it had previously granted two prior adjournments, each for approximately six months. Moreover, the severe remedy of dismissal, with its concomitant deprivation of one's day in court, is hardly the only tool in the judicial case management tool box. In a circumstance such as the one presented here, the court, upon granting the adjournment requested on September 26, 2016, could have granted an adjournment of sufficient length so as to invoke the provisions of 22 NYCRR 125.1(g). The court could also have considered conditioning the granting of an adjournment upon the plaintiff's acceptance of responsibility for reasonable expenses incurred by the defendant for proceedings rendered unnecessary. Here, the court did not provide an explanation as to why a lesser sanction would have been insufficient. In view of the age of this case, we direct that the trial of this action proceed promptly by requiring that the trial of this action commence within 60 days of the service of this decision and order, with notice of its entry, upon the Chief Clerk of the Supreme Court, Richmond County (see Crevecoeur v Mattam, 172 AD3d at 814).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court should have granted those branches of the plaintiff's [*3]motion which were pursuant to CPLR 5015(a)(1) to vacate the order granting the defendant's application to dismiss the complaint, and to restore the action to the trial calendar.
RIVERA, J.P., COHEN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court