Ndemenoh v City Univ. of N.Y. (CUNY)-City Coll. (2020 NY Slip Op 01273)





Ndemenoh v City Univ. of N.Y. (CUNY)-City Coll.


2020 NY Slip Op 01273


Decided on February 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2020

Renwick, J.P., Mazzarelli, Gesmer, Kern, JJ.


11099N 92402

[*1] Bassey B. Ndemenoh, Claimant-Appellant,
v
The City University of New York (CUNY)-City College, Defendant-Respondent.


Bassey B. Ndemenoh, appellant pro se.
Letitia James, Attorney General, New York (David Lawrence III of counsel), for respondent.



Order of the Court of Claims of the State of New York (Jeanette Rodriguez-Morick, J.), entered February 21, 2019, which denied claimant's motion for leave to file a late claim, unanimously affirmed, without costs.
The court correctly determined that July 11, 2018, the date when claimant properly served the Attorney General, was the operative date for determining whether his proposed causes of action were time-barred (see Court of Claims Act § 10[6]; CPLR 2211, 2214; Uniform Civil Rules for the Supreme Court and the County Court [22 NYCRR] § 202.8; see also Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C2211:4). Since the intentional tort claims for false arrest, false imprisonment and malicious prosecution accrued more than one year earlier, the court correctly held that those proposed causes of action were time-barred (see CPLR 215[3]; Stampf v Metropolitan Transp. Auth., 57 AD3d 222, 223 [1st Dept 2008]; Palmer v City of New York, 226 AD2d 149 [1st Dept 1996]).
The court providently exercised its discretion in declining to grant claimant permission to file a late claim for alleged civil rights violations as the record does not provide "reasonable cause to believe that a valid cause of action exists"
(Sands v State of New York, 49 AD3d 444, 444 [1st Dept 2008]; see Lerner v State of New York, 72 AD3d 406, 407 [1st Dept 2010], lv denied 15 NY3d 703 [2010]).
To the extent claimant's proposed causes of action include a claim based on "confiscation of [his electronic] devices" in connection with his arrests, such claim would sound in conversion (see generally Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50 [2006]; Torrance Constr., Inc. v Jaques, 127 AD3d 1261, 1263 [3d Dept 2015]), and would be subject to a three-year statute of limitations (see CPLR 214[3]; Swain v Brown, 135 AD3d 629, 631 [1st Dept 2016]). Nevertheless, leave should not be given to file a late claim for conversion because the proposed claim is not viable since there was probable cause for his arrests (see Stegemann v State of New York, 163 AD3d 1303 [3d Dept 2018], lv denied 32 NY3d 909 [2018]; see also [*2]Marrero v City of New York, 33 AD3d 556, 557 [1s Dept 2006]).
We have considered claimant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2020
CLERK