Matter of Singleton v City of New York (2021 NY Slip Op 05652)





Matter of Singleton v City of New York


2021 NY Slip Op 05652


Decided on October 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 14, 2021

Before: Kapnick, J.P., Singh, Shulman, Pitt, Higgitt, JJ. 


Index No. 156802/20 Appeal No. 14376 Case No. 2021-01052 

[*1]In the Matter of Dwayne Singleton, Petitioner-Appellant,
v
The City of New York, Respondent-Respondent.


Sim & DePaola, Bayside (Sang J. Sim of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Daniel Matza-Brown of counsel), for respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J,), entered on or about September 22, 2020, which denied the petition for leave to file a late notice of claim and dismissed the proceeding, unanimously affirmed, without costs.
The court providently exercised its discretion in denying leave to file a late notice of claim pursuant to General Municipal Law § 50-e (5), almost one year after the criminal charges against petitioner were dismissed. In the proposed notice of claim, petitioner contends, inter alia, that he was falsely arrested, was subjected to assault, and was injured due to respondent's negligent hiring, training and supervision of employees of the Police Department. Petitioner failed to provide a reasonable excuse for the almost one-year delay in filing a notice of claim, and he did not submit an affidavit detailing his efforts to retain counsel (see Lerner v State of New York, 72 AD3d 406, 407 [1st Dept 2010], lv denied 15 NY3d 703 [2010]). Nor did petitioner demonstrate that respondent had actual knowledge of the essential facts within the statutory period. Actual knowledge of the circumstances constituting petitioner's claims may not be imputed to respondent based solely on the ground that its employees arrested him (see Matter of Rivera v New York City Hous. Auth., 25 AD3d 450, 451 [1st Dept 2006]; Olivera v City of New York, 270 AD2d 5, 6 [1st Dept 2000]; Walker v New York City Tr. Auth., 266 AD2d 54 [1st Dept 1999]). Furthermore, petitioner did not sustain his initial burden of demonstrating that respondent was not substantially prejudiced by the significant delay (see generally Matter of Townson v New York City Health & Hosps. Corp., 158 AD3d 401, 404 [1st Dept 2018]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2021