Idehen v Stoute-Phillip (2025 NY Slip Op 50816(U))

[*1]

Idehen v Stoute-Phillip

2025 NY Slip Op 50816(U)

Decided on May 21, 2025

Civil Court Of The City Of New York, Queens County

Thermos, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 21, 2025
Civil Court of the City of New York, Queens County

Happiness Idehen and Felix Ogieva, Petitioner-Landlord

against
Gloria Stoute-Phillip, Respondent-Tenant "John Doe" and "Jane Doe" Respondents-Undertenants

Index No. LT-305376-23/QU

Innocent O. Chinweze, Esq.
Ocean Rock Law Group PLLC
Attorney for Petitioner
Stephanie D. Ramdhari, Esq.
The Legal Aid Society
Attorney for Respondent

Kimon C. Thermos, J.

Recitation, as required by CPLR §2219(a) of the papers considered in the review of this motion:
PAPERS NUMBERED
Order to Show Cause (NYSCEF #23-28) 1
Affirmation in Opposition [FN1]
(NYSCEF #29) 2
Upon the foregoing cited papers, the Decision/Order on Respondent's motion to dismiss is decided as follows:
This a non-payment proceeding seeking possession of premises located at 183-18 140 Avenue, Apt. 18318, 2nd Floor, Springfield Gardens, NY 11413 (the "Subject Premises") and a money judgment in the amount of $44,793.48. This proceeding was predicated upon the service of a 14-day rent demand which seeks rent for the period of November 1, 2018-January 1, 2023 at $845.16 per month. The Petition states that the Subject Premises are subject to the rent [*2]stabilization law. This proceeding was commenced by 18318 LLC (the "Original Petitioner") but the Original Petitioner moved to substitute Happiness Idehen and Felix Ogieva (the "Petitioners") after the subject building was transferred. Respondent filed a pro se answer and the case was scheduled for May 22, 2023. Respondent later appeared by counsel, but the case could not be resolved in the resolution part so it was transferred to Part X for assignment to a trial part. The case was assigned to Part O and a pre-trial conference was scheduled.
Original Petitioner filed an Order to Show Cause ("OSC") seeking to relieve Jack Glasser, Esq. as counsel. That motion was granted without opposition by Decision/Order dated June 3, 2024. On July 11, 2024, Innocent O. Chinweze, Esq. filed a notice of appearance indicating that Oceanrock Law Group PLLC was now representing Original Petitioner. On October 24, 2024, Original Petitioner filed an OSC seeking to substitute Happiness Idehen and Felix Ogieva as petitioners in this matter replacing Original Petitioner after Original Petitioner transferred the property to Petitioners by quit claim deed dated May 23, 2024. That OSC was granted by stipulation dated December 11, 2024. 
On April 9, 2025, Respondent filed the instant OSC seeking: 1) dismissal of this proceeding pursuant to CPLR §3211(a) and CPLR §3211(a)(7); 2) leave to interpose an amended answer pursuant to CPLR §3025(b); and 3) staying this proceeding pursuant to CPLR §2201 pending the outcome of a Supreme Court case Respondent filed against Original Petitioner and Petitioners for violation of the New York City Human Rights Law. 
Respondent's Motion to Dismiss
CPLR §3211(a)(7) allows for dismissal of a proceeding when the petition fails to state a cause of action. When considering a motion to dismiss pursuant to CPLR §3211(a)(7), the court must determine whether the pleadings state a cognizable cause of action or defense. In doing so, the Court must "afford the pleadings a liberal construction, take the allegations in the [pleadings] are true and afford the [pleadings] the benefit of every possible inference". EBC I, Inc. v. Goldman, Sachs & Co., 5 NY3d 11, 19 (2005). "The motion must be denied if, from the pleadings' four corners, factual allegations are discerned which taken together manifest any cause of action [or defense] cognizable at law." 511 West 232nd Owners Corp. v. Jennifer Realty Co., 98 NY2d 144, 152 (2002), quoting Polonetsky v. Better Homes Depot, 97 NY2d 46 (2001). See also Guggenheimer v Ginzburg, 43 NY2d 268 (1977).
CPLR §3211(a)(1) allows for dismissal of a proceeding where a defense is founded upon documentary evidence. In order to prevail on a defense founded on documentary evidence, the document relied upon must definitively dispose of the petitioner's claim. Greenwood Packing Corp. v. Associated Tel. Design, Inc., 140 AD2d 303 (App., Div., 2nd Dept. 1988).
Respondent argues that Petitioners fail to state a cause of action because the rent-demand seeks rent for the period of November 2018 through January 2023 but there was no rental agreement in effect for this rent stabilized apartment during that entire period. Respondent claims that she signed a two-year lease [FN2]
dated August 28, 2009 for the period commencing on November 1, 2009 and ending on October 31, 2011 at $845.16 per month with Petitioner's predecessor in interest. She did not sign any subsequent leases with that landlord. The Original Petitioner obtained the property by referee's deed [FN3]
dated October 30, 2018. Respondent alleges that she did not enter into a rental agreement with Original Petitioner until they executed a 2-[*3]year lease [FN4]
dated November 9, 2022, for a period commencing March 1, 2023 and ending on February 28, 2025 at a monthly rent of $872.63 per month.
Petitioners' opposition does not contain an affidavit or affirmation from anyone with personal knowledge refuting Respondent's allegation that there was no rental agreement for the Subject Premises from October 31, 2011 to March 1, 2023. Nor were any leases for this period attached to the opposition.
This case is brought pursuant to RPAPL §711(2) which provides that: "A special proceeding may be maintained under this article upon the following grounds: 2. The tenant has defaulted in the payment of rent, pursuant to the agreement under which the premises are held . . . " According to the Petition, the agreement under which the premises are held is the November 9, 2022 lease that Respondent attached as an exhibit to her motion to dismiss. That lease was dated November 9, 2022, but commenced on March 1, 2023. RPAPL §711(2) also requires: "a written demand of the rent has been made with at least fourteen days' notice . . . " The 14-day rent demand served by Original Petitioner prior to commencing this proceeding sought rent for November 2018 through January 2023. None of this rent was due under the lease dated November 9, 2022 because that lease did not commence until March 1, 2023.
In October 2021, Original Petitioner commenced a holdover proceeding [FN5]
against Respondent for failure to sign a renewal lease. The petition [FN6]
in that case alleges that Original Petitioner offered a renewal lease to Respondent on or about March 1, 2021. Such lease was to commence on June 1, 2021, but Respondent never executed that lease. That holdover was eventually discontinued after the parties entered into the November 9, 2022 lease.
Petitioners' opposition does not allege that there was any rental agreement in effect for the period for which rent was sought in the rent demand. Instead, Petitioners cites case law for the proposition that when a tenant refuses to sign a renewal lease, they become a month-to-month tenant but are still liable to pay rent even if a written lease is not signed. Petitioners' opposition cites seven cases in support of their argument. The Court looked up these seven cases on Lexis/Nexis, Westlaw, and the New York State Reporting Bureau (the "Reporter") websites using the citations provided by Petitioners' counsel. None of the citations provided link to the cases cited. Some of the citations link to other cases, but those cases are not landlord/tenant cases and do not support the arguments presented by Petitioners' counsel. The Court also looked up all seven cases based on the case name, but no results were found. The Court will address the specifics of the non-existent cases below, but for purposes of analyzing Respondent's motion to dismiss, the Court cannot give any weight to Petitioners' opposition.
Even if the cases that Petitioners' counsel cited actually existed, they are all at least twelve years old and do not reflect the current state of the law. "A rent-stabilized tenancy cannot be monthly because the respective rights and responsibilities under a month-to-month tenancy cannot be reconciled with the respective rights and responsibilities of a landlord and tenant of a rent-stabilized apartment." Fairfield Beach 9th, LLC v. Shepard-Neely, 74 Misc 3d 14 (App. Term, 2nd Dept. 2021)("Shephard-Neely 1"). Given that there cannot be a month-month tenancy in a rent-stabilized apartment, there must be a rent stabilized lease in effect to "pay the rent due [*4]for the periods claimed at the time the proceeding is commenced." Fieldbridge Assoc. LLC v. Rivers, 2024 N.Y.Misc.LEXIS 1975 (Civ. Ct., Kings Cty. 2024); citing Fairfield Beach 9th, LLC v. Shephard-Neely, 77 Misc 3d 136(A)(App. Term, 2nd Dept. 2022)("Shepard Neely II"); see also Hess v. Pinillos, 2024 N.Y.Misc.LEXIS 16139 (Civ. Ct., Qns. Cty. 2024); 57 Elmhurst LLC v. Tamay, 2024 N.Y.Misc.LEXIS 4325 (Civ. Ct., Qns. Cty. 2024)("petitioner failed to demonstrate that respondent was in default in the payment of rental arrears under the last rental agreement in effect between the parties.").
There was a rent-stabilized lease that was in effect when 18318 LLC commenced this proceeding, so Petitioners have complied with the portion of Shepard Neely II that requires a lease be in effect at the time of commencement. However, there was no rent due under that lease when Respondents were served with the rent demand. A rent demand must "set forth the approximate good faith amount of rent owed." EOM 106-15 217th Corp. v. Severine, 2019 N.Y.Misc.LEXIS 2199 (App. Term, 2nd Dept. 2019); quoting Dendy v. McAlpine, 27 Misc 3d 138(A)(App. Term 2nd Dept. 2010). The rent demand which served as a predicate to this proceeding sought rent for the period of November 2018 through January 2023. The rent stabilized lease did not commence until March 1, 2023. Therefore, there was no rent due under the lease at the time rent was demanded. The rent demand is thus defective. A proper rent demand is a statutory prerequisite to a nonpayment proceeding pursuant to RPAPL §711(2) and is thus an element of landlord's prima facie case. See Severine, supra; citing Community Hous. Innovations, Inc. v. Franklin, 14 Misc 3d 131(a)(App. Term, 2nd Dept. 2007). Based on the above, Petitioners have failed to state a cause of action, and this proceeding is dismissed pursuant to CPLR §3211(a)(7).
Given that the proceeding is dismissed, the Court does not reach that portion of Respondent's motion which sought leave to file an amended answer, or a stay of this proceeding and they are denied as moot.
Sanctions
As noted above, Petitioners' counsel filed opposition that cited seven cases that do not appear to exist. For example, Petitioners' counsel cited Olivieri v. Rosenthal,99 AD3d 686 (2d Dep't 2012) for the proposition that: "the tenant is liable to pay rent even if a written lease is not signed."[FN7]
When the Court entered the citation 99 AD3d 686 into Lexis/Nexis, Westlaw, and the Reporter the case that came up on all three websites was Piper-Rader v. Muslim, 99 AD3d 686 (App. Div., 2nd Dept. 2012). Piper-Rader is a medical malpractice case and does not in any way address any issues regarding landlord/tenant law. For four of the other six cases cited, a case came up that was wholly unrelated to the subject matter for which Petitioners' counsel sited the case. For two of the cases, no case came back at all using the citation given. For all seven cases, no results were found when the Court searched based on the case name cited. The table below lists the seven cases cited by Petitioners' counsel and the cases that come up when entering the citation.

Case Cited

Citation

Actual Case

Olivieri v. Rosenthal

99 AD3d 686

Piper-Rader v. Muslim

[*5]Deutsche Bank National Trust Co. v. Bianco

112 AD3d 998

People v. Wiley

Lemon v. NYCHA

42 N.Y.2d 106

none

Bank of New York v. Hicks

47 AD3d 794

none

Lafayette Place Realty Co. LLC. v. Mulberry St. E. Realty Corp.

191 A.D.2d 262

People v. Martinez and People v. Rosado

JP Morgan Chase Bank, N.A. v. Parkis

2013 NY Slip Op. 32998 (U)

Diaz v. Charlot

LaSalle Bank National Assoc. v. Nomura Asset Capital Corp

180 AD3d 576

Ndemenoh v. City Univ. of N.Y.

While Petitioners' counsel submitted his opposition to Respondent's OSC as an answer rather than an affirmation he did sign a verification page. The verification states, "The undersigned, an attorney duly admitted to practice in the Courts of the State of New York, affirms that the undersigned attorney for Petitioners in the within action; that the undersigned has read the foregoing Answer to Respondent's Order to Show Cause and knows the content thereof; that the same is true to his knowledge, except as to those matters therein stated upon information and belief, and that as to those matters, he believes them to be true. The undersigned affirms that the foregoing statements are true, under penalties of perjury."[FN8]

Pursuant to 22 NYCRR §130-1.1, this Court "in its discretion may impose financial sanctions upon any party or attorney in a civil action who engages in frivolous conduct . . . " Conduct is defined as frivolous if, inter alia,"(3) it asserts material factual statements that are false." 22 NYCRR §130-1.1(c). 
This is not the first time that an attorney has submitted motion papers to a court which cited to cases that do not exist. In Matter of Samuel, an attorney was sanctioned under 22 NYSCRR §130-1.1 for submitting an affidavit in opposition that contained citation to multiple cases that did not exist. 82 Misc 3d 616 (Sur. Ct. 2024). This issue has also come up several times in federal court where the court applied a federal rule similar to 22 NYCRR §130-1.1 to sanction attorneys under similar circumstances. See Park v. Kim, 91 F.4th 610 (2d. Cir. 2024); Benjamin v. Costo Wholesale Corp., 2025 U.S. Dist.LEXIS 32316 (ED NY 2025); Mata v. Avianca, Inc., 678 F.Supp.3d 443 (SD NY 2023). In many of the cases cited above, the attorney who was sanctioned or admonished admitted to using an artificial intelligence program such as ChatGPT to generate the court filing that contained fictitious cases. While it is not yet clear whether Petitioner's counsel did so in this case, it would explain the citation to multiple cases that do not exist.
Based on the foregoing, Petitioners' counsel is ordered to show cause at a hearing on June 2, 2025, why he should not be sanctioned pursuant to 22 NYCRR §130-1.1 and/or referred to the [*6]appropriate disciplinary body. 
Conclusion
Respondent's OSC is granted to the extent of dismissing this proceeding pursuant to CPLR §3211(a)(7) for failure to state a cause of action. Such dismissal is without prejudice to Petitioners seeking the arrears listed in the rent demand in a plenary action. All other relief sought in Respondent's OSC is denied as moot. This proceeding is restored to the calendar and adjourned to June 2, 2025 at 11am in Part O, Room 202 solely for the purpose of Petitioners' counsel Innocent O. Chinweze, Esq. and Ocean Rock Law Group PLLC showing cause why they should not be sanctioned and/or referred to the appropriate disciplinary body.
This constitutes the Decision and Order of the Court.
Dated: May 21, 2025
Jamaica, New York
Hon. Kimon C. Thermos, JHC

Footnotes

Footnote 1:In response to Respondent's OSC, Petitioners' counsel filed a document on NYSCEF labeled as "Answer to Order to Show Cause." The Court is treating this as an Affirmation in Opposition despite the mislabeling pursuant to CPLR §2001.

Footnote 2:Exhibit D (NYSCEF #26)

Footnote 3:Exhibit E (NYSCEF #26)

Footnote 4:Exhibit M (NYSCEF #26)

Footnote 5:LT-307024-21/QU

Footnote 6:Exhibit K (NYSCEF #26)

Footnote 7:NYSCEF #29, Page 6, 7th Paragraph

Footnote 8:NYSCEF #29, Page 11